**Lavina TOROCKIO et al., Plaintiffs,**

v.

**CHAMBERLAIN MFG. CO., a corp., United Electrical, Radio and Machine Workers of America, Local No. 624, and United Electrical, Radio and Machine Workers of America, Defendants.**

Civ. A. No. 68–1047.

United States District Court,
W. D. Pennsylvania.

June 9, 1971.

Harry Alan Sherman, Pittsburgh, Pa., R. Herbert Buchman, Greensburg, Pa., for plaintiffs.

Berger & Kapetan, Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, Pa., Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, Pa., Frank J. Donner, Robert Z. Lewis, New York City, for defendants.

OPINION

TEITELBAUM, District Judge.

Plaintiffs, Lavina Torockio, Mabel Miller, Dorothy Bell, Ruth Dillon, Stefanna Yumin, Helen Balega, Thelma Fannie, Mary Mehalic, Ida Datsko, and Elizabeth Blatnik, instituted this action on September 11, 1968, alleging that the defendants, Chamberlain Manufacturing Corporation and United Electrical, Radio and Machine Workers of America, Local 624 violated Title VII of the Civil Rights Act of 1964 (42 U.S.C.A. § 2000e et. seq.) by having employment practices which discriminate against them on the basis of their female sex. Subsequently, the United Electrical, Radio and Machine Workers of America (International) was joined as a "desirable party". On November 27, 1970, Chamberlain filed a Motion for Summary Judgment pursuant to F.R.Civ.P. 56, asserting as a jurisdictional bar to the maintenance of this action the failures of the plaintiffs to comply with the procedures

established by §§ 2000e–5(d) and 5(e). In pertinent part, § 2000e–5(d) provides that,

"[A] charge under subsection (a) of this section shall be filed [with the Equal Employment Opportunity Commission] within ninety days after the alleged unlawful employment practice occurred * * * ",

and § 2000e–5(e) provides, when the Equal Employment Opportunity Commission has been unable to obtain voluntary compliance with regard to an unlawful employment practice, that,

" * * * the Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge (1) by the person claiming to be aggrieved. * * * "

After a cursory review of the statutory conditions precedent to the bringing of a civil action under Title VII, the Court in Sanchez v. Standard Brands, Inc., 431 F.2d 455 (C.A.5, 1970) concluded that,

"First, the charge of discrimination must be filed with the EEOC within ninety days of the occurrence of the alleged unlawful employment practice. 42 U.S.C.A. 2000e–5(d). Secondly, the civil action must be filed within thirty days after the EEOC notifies the charging party that it has been unable to obtain voluntary compliance. 42 U.S.C.A. 2000e–5(e)."

That both these requirements are jurisdictional preconditions to the commencement of a civil action is the clear holding of Choate v. Caterpillar Tractor Company, 402 F.2d 357, 359 (C.A.7, 1968), wherein the Court stated that,

"[T]he requirement that a complainant *must invoke the administrative process within the time limitations set forth in [2000e–5(d)]* is a jurisdictional precondition to the commencement of a court action. A close reading of the statute indicates that there are only two additional jurisdictional prerequisites for such commencement: first, a notification to the aggrieved party by the Commission that it has been unable to obtain voluntary compliance and, second, the action *must be filed within thirty day after the notification.*" [Emphasis supplied.]

In Goodman v. City Products Corporation, 425 F.2d 702 (C.A.6, 1970), the Court held that the thirty day period was neither uncertain nor ambiguous and that it had no discretion to receive a case following the expiration of thirty days. The lawsuit involved in that case was filed thirty-one days after receipt of the EEOC's notice.

Many cases can be found which deal with the nuances of what may constitute an "occurrence" or what action by the plaintiff may serve to toll the ninety day period,[1] or start[2] or toll[3] the thirty day period, but none can be found which deny the viability of either of the periods as jurisdictional preconditions.

Slight departure from the strict adherence to these limitation periods, however, is permissible in the instance of a class action. In Oatis v. Crown Zellerbach Corporation, 398 F.2d 496 (C.A.5, 1968), the Court decided that as long as

---

1. Culpepper v. Reynolds Metals Company, 421 F.2d 888 (C.A.5, 1970); Hutchings v. United States Industries, Inc., 428 F.2d 303 (C.A.5, 1970); Cox v. United States Gypsum Company, 409 F.2d 289 (C.A.7, 1969); Choate v. Caterpillar Tractor Company, 402 F.2d 357 (C.A.7, 1968); Moss v. Lane Co., 50 F.R.D. 122 (D.C.W.D.Va., 1970).

2. Cox v. United States Gypsum Company, *supra*, n. 1; Miller v. International Paper Company, 408 F.2d 283 (C.A.5, 1969); Choate v. Caterpillar Tractor Company, *supra*, n. 1.

3. McQueen v. E.M.C. Plastic Company, 302 F.Supp. 881 (D.C.E.D.Tex., 1969); Witherspoon v. Mercury Freight Lines, 70 LRRM 2913 (D.C.S.D.Ala., 1968).

one nominal plaintiff complies with the statutory conditions precedent an action may be maintained on behalf of a class of persons similarly situated regardless of whether or not others of the class had therewith complied. In reaffirming this holding the same Court in Miller v. International Paper Company, 408 F.2d 283 (C.A.5, 1969) stated that,

> " * * * no procedural purpose could be served by requiring scores of substantially identical grievances to be processed through the EEOC when a single charge would be sufficient to effectuate both the letter and the spirit of Title VII."

Although the instant case purports to be a class action, we have difficulty in applying the principles of *Oatis* and *Miller*. The difficulty arises in divining which of the ten named ladies represents compliance with the provisions of §§ 2000e–5(d) and (e). The pleadings make no averments with respect to the filing of charges with the EEOC. With respect to "notice to the person aggrieved", only the "Notice of Right to Sue Within 30 days" letter to the plaintiff Lavina Torockio is offered. Even assuming that she had satisfied the provisions of § 2000e–5(d), we decide that she did not satisfy those of § 2000e–5(e). All that was filed within the thirty day period was a "Petition for a Court-Appointed Counsel". At best, this action only suspended the thirty day period, and even then her ultimate suit was not timely filed. Thus, she is not a qualified nominal plaintiff.[4]

In the context of these jurisdictional questions, we treat the defendant's motion more properly as one to dismiss [5] and hereby dismiss the action, without prejudice to the plaintiffs. An appropriate Order will be entered.

---

4. In this regard, plaintiffs' reliance upon Witherspoon v. Mercury Freight Lines, 70 LRRM 2913 (D.C.S.D.Ala., 1968) is misplaced. This case is relied upon by the plaintiffs for the proposition that a petition for appointment of counsel tolls the 30 day period. That Court, however, held that while, ordinarily, such a petition would not toll the statutory period, that particular petition did because at the time of the filing of the petition, the Court informed the plaintiff that it would be sufficient to institute his cause of action. No such representation is alleged to have been made here. Nor do we have the extenuating circumstances of McQueen v. E.M.C. Plastic Company, 302 F.Supp. 881 (D.C.E.D.Tex., 1969).

5. See Local 4076, United Steelworkers of America v. United Steelworkers of America, AFL–CIO; Local 1465, United Steelworkers of America; and Woodings-Verona Tool Works, 327 F.Supp. 1400 (D.C. W.D.Pa., 1971).