**Milton E. HUSTON, Appellant,**

v.

**GENERAL MOTORS CORPORATION, Appellee.**

**No. 72–1630.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 16, 1973.

Decided April 25, 1973.

Rehearing and Rehearing En Banc Denied May 22, 1973.

J. D. Riffel, Kansas City, Mo., for appellant.

Peter A. Janiak, Equal Employment Opportunity Commission, San Francisco Litigation Center, San Francisco, Cal., amicus curiae.

Paul Scott Kelly, Jr., Kansas City, Mo., for appellee.

Before LAY and BRIGHT, Circuit Judges, and NICHOL, District Judge.*

BRIGHT, Circuit Judge.

Milton E. Huston, a member of the World Wide Church of God, observes his religious sabbath from Friday evening to Saturday evening. He claims General Motors discriminated against him and discharged him from employment because of these beliefs. He filed a complaint with the Equal Employment Op-

* Sitting by designation.

portunity Commission (EEOC) for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The Commission sought, without success, to conciliate the employee's dispute with General Motors. Huston then attempted to bring an action against General Motors in the federal district court. The district court dismissed his action as untimely since Huston failed to file a formal complaint within the 30-day time limitation imposed by 42 U.S.C.A. § 2000e-5(e).[1] We reverse and remand for further proceedings.

The record indicates that Huston filed his complaint with the EEOC on March 26, 1970. During the following two years the charges were referred to the Missouri Commission on Human Rights and then back to the EEOC. After efforts to secure relief through conciliation proved unsuccessful, Huston received a right-to-sue letter from the EEOC on March 21, 1972, which, under the Act, is a prerequisite to bringing a civil action.[2]

The EEOC also mailed a memorandum to Huston which, when signed, constituted a request to the federal district court to appoint counsel and to authorize commencement of the action without payment of fees, costs, or security. This letter further requested that it be filed as a complaint to satisfy the 30-day time limitation for filing the suit.[3] In addi-

1. The relevant portion of the statute read:
    (e) If within thirty days after a charge is filed with the Commission or within thirty days after expiration of any period of reference under subsection (c) of this section (except that in either case such period may be extended to not more than sixty days upon a determination by the Commission that further efforts to secure voluntary compliance are warranted), the Commission has been unable to obtain voluntary compliance with this subchapter, the Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge (1) by the person claiming to be aggrieved * * *. Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security. [42 U.S.C.A. § 2000e-5(e) (1970).]
    As amended March 24, 1972, the statute now provides that the aggrieved party shall have 90 days after notice to bring a civil action. 42 U.S.C.A. § 2000e-5(f) (Supp.1972).

2. The text of this letter read:
    Dear Mr. Huston:
    This is to advise you that conciliation efforts in the above matter have failed to achieve voluntary compliance with Title VII of the Civil Rights Act of 1964. Pursuant to Section 706(e) of the Act, you are hereby notified that you may, within thirty (30) days of the receipt of letter, institute a civil action in the appropriate Federal District Court. If you are unable to retain an attorney, the Federal Court is authorized in its discretion, to appoint an attorney to represent you and to authorize the commencement of the suit without payment of fees, costs or security. If you decide to institute suit and find you need assistance, you may take this letter, along with the Commission determination of reasonable cause to believe Title VII has been violated, to the Clerk of the Federal District Court nearest to the place where the alleged discrimination occurred, and request that a Federal District Judge appoint counsel to represent you.
    Please feel free to contact the Commission if you have any questions about this matter.

3. This enclosure read:
    Clerk
    United States District Court
    Dear Sir:
    Enclosed is the Notice of Right to Sue within 30 days which I have received from the Equal Employment Opportunity Commission.
    I wish to file this letter as a complaint, in order to stop the running of the 30-day period afforded me for filing a suit pursuant to Section 706(e) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-5(e). The enclosed memorandum from the General Counsel of the Equal Employment Opportunity Commission, indicates that this is the proper procedure for me to follow.
    Pursuant to Section 706(e), I hereby request that the Court appoint counsel for me in this case, since I am unable to obtain counsel. I also request that

tion, the EEOC sent the following documents: an affidavit form on which Huston might disclose his financial status, an application to proceed without payment of fees, costs, or security and for appointment of counsel, and a memorandum from the General Counsel of the Commission which stated in part:

> * * * It is the position of the Equal Employment Opportunity Commission that a suit under Section 706(e) of Title VII is properly instituted if, within 30 days of receiving a Notice of Right to Sue Letter, the charging party files that letter with the Court and/or presents the letter to the Court and requests that counsel be appointed in the case.

On April 12, 1972, well within the 30-day period following his receipt of instructions from the EEOC, Huston tendered certain of these documents to the clerk of the United States District Court for the Western District of Missouri.[4] The clerk did not file the documents nor give them a docket number, but he did enter an order appointing four lawyers associated with the Legal Aid and Defender Society of Kansas City to represent Huston. As a result of personnel changes in the Legal Aid Society, there was a delay in processing Huston's case, and no formal complaint was filed in the district court until May 22, 1972. Thus this formal complaint was filed more than 30 days after Huston's receipt of the right-to-sue letter and more than 30 days after appointment of counsel.

On motion of appellee, the district court dismissed the action, holding that: (1) the 30-day limitation was crucial and mandatory under the Act; (2) the documents submitted did not constitute the filing of a complaint under the provisions of the Federal Rules of Civil Procedure;

and (3) no extenuating circumstances existed to justify an extension of the time limitation for more than 30 days beyond April 12, when the clerk entered an order appointing counsel for Huston.

■ We agree that the time limitation imposed by the statute generally bars any civil proceeding which is not initiated within 30 days after the complaining party receives a right-to-sue letter from the EEOC. Stebbins v. Nationwide Mutual Insurance Co., 469 F.2d 268 (4th Cir. 1972); Goodman v. City Products Corp., Ben Franklin Div., 425 F.2d 702 (6th Cir. 1970) (no action permitted 31 days after suit letter). However, the courts are not in agreement as to the effect on the time limitation, when, as here, the plaintiff within 30 days of receipt of the suit letter, tenders such letter to the district court and requests appointment of counsel. In Harris v. National Tea Co., 454 F.2d 307 (7th Cir. 1971), the court held that the initiation of the request tolled the 30-day limitation period until appointment of the attorney, after which the period continued to run. Thus a request for counsel made on the sixth day after receipt of the right-to-sue letter would give appointed counsel 24 days to file his formal action after his appointment. A failure to file within that time period bars the action. Accord, Torockio v. Chamberlain Mfg. Co., 328 F.Supp. 578, 580 (W.D.Pa.1971); Rice v. Chrysler Corp., 327 F.Supp. 80, 84 (E.D.Mich.1971). The Harris, Rice, and Torockio courts cited and relied in part on language in Goodman, supra, 425 F.2d 702, in holding that the complaints were not timely filed. Cf. Archuleta v. Duffy's, Inc., 471 F.2d 33 (1973) (relying on Goodman in refusing to permit an amendment of the complaint after the 30-day period for the purpose of correct-

---

the Court authorize the commencement of this action without payment of fees, costs, or security. Please treat this letter as my application for appointment of counsel and for commencement of the action without prepayment.
> /s/ Milton E. Huston
> (signature)

4. The documents tendered included (1) the right-to-sue letter; (2) the letter from the EEOC as indicated in note 3; (3) the application to proceed in forma pauperis and for appointment of counsel; and (4) the affidavit of financial status. Apparently the memorandum from the General Counsel of the EEOC was not offered.

ly naming the corporate defendant); Brady v. Bristol-Meyers, Inc., 332 F. Supp. 995 (E.D.Mo.1971), rev'd on other grounds, 459 F.2d 621 (8th Cir. 1972) (requiring filing of formal complaint under Rules 3 and 8(a) of Fed.R.Civ.P. within 30 days unless plaintiff misled as to time requirements by some action of the federal court).

The Sixth Circuit which decided *Goodman* has indicated that *Goodman* does not preclude the consideration of equitable principles in determining whether the time limitation has been met. Harris v. Walgreen's Distribution Center, 456 F.2d 588 (1972). In *Harris*, plaintiff applied for appointment of counsel within the 30-day period but the district court denied his application. He filed an amended petition after the 30-day period, reciting the elements of his claim and again seeking appointment of counsel. The district court dismissed the petition because it was outside the 30-day period. In reversing, the court of appeals held:

> We believe on equitable grounds the motion for counsel should be regarded as tolling the statute until it was disposed of. This decision is in no way in conflict with an earlier decision of this court, Goodman v. City Products Corp., 425 F.2d 702 (6th Cir. 1970). In that case the opinion for the court carefully noted:
>
> > "Finally, as regards the appellant's contention that the 30 day limitation should here be extended on general equitable principles, suffice it to say that there is no allegation or showing in the record of circumstances justifying a tolling of the statute on recognized equitable principles." Goodman v. City Products Corp., *supra* at 704.
>
> Further, pursuant to the Congressional purpose when after decision on the motion for counsel the time remaining is unreasonably short for securing a lawyer and filing the complaint, the District Judge's order granting or denying the motion for appointment of counsel should set a rea-

sonable time. Normally we would expect the statutory period of 30 days to be employed as a guide in this regard. McQueen v. E.M.C. Plastic Co. [302 F.Supp. 881 (E.D.Tex.1969)]; Prescod v. Ludwig Industries [325 F. Supp. 414 (N.D.Ill.1971)]; Austin v. Reynolds Metals Co. [327 F.Supp. 1145 (E.D.Va.1970)].

> It is relevant to the ruling above to note that no prejudice is alleged to have resulted to defendant from any delay, nor can we find any prejudice. [*Harris* at 592.]

In Pace v. Super Valu Stores, Inc., 55 F.R.D. 187 (S.D.Iowa 1972), plaintiff, 26 days after receiving his right-to-sue letter, presented documents to the district court similar to those presented by appellant Huston and requested appointment of counsel and the right to proceed without payment of fees or costs. The court denied the request after the 30-day time limit had elapsed but granted plaintiff 20 days to file his handwritten complaint. The plaintiff complied and the court thereafter appointed counsel, who filed a formal complaint two and one-half months later. Judge Stuart sustained the complaint, stating:

> I hold that the papers filed without aid of counsel on May 10, 1971 were sufficient to constitute the bringing of an action under 42 U.S.C. § 2000e-5(e) and that the requirement of filing within thirty days was met and the action is not subject to dismissal on that ground.
>
> Even if it were held that the papers filed May 10, 1971 were not sufficient to constitute the bringing of an action the Court believes Congressional intent would be more nearly satisfied by following the line of cases which holds that the filing of the notice of right to sue letter within the thirty day period tolls the statute and that the filing of a complaint within a reasonable time thereafter constitutes substantial compliance with the act. Reyes v. Missouri-Kansas-Texas R.R. Co. [53 F.R.D. 293], supra. [*Id.* at 190.]

In light of the Supreme Court's stated policy of liberal interpretation of the procedural requirements in regard to layman-initiated proceedings under Title VII, Love v. Pullman Co., 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972), we hold that the presentation of a request for the appointment of an attorney within the 30 days specified in § 703(e) constitutes the bringing of the civil action under Title VII. We think this interpretation of the statutory language comports with the remedial nature of the statute, Sanchez v. Standard Brands, Inc., 431 F.2d 455, 460–461 (5th Cir. 1970); Norman v. Missouri Pacific R.R., 414 F.2d 73 (8th Cir. 1969); Reyes v. Missouri-Kansas-Texas Ry. Co., 53 F.R. D. 293 (D.Kan.1971), and the valid consideration that a layman, completely unskilled in the law cannot be expected to file a formal complaint within the short period of time specified in the statute, and he should not be forced to forfeit his claim when he has done everything within his power within 30 days to bring about legal proceedings to enforce his rights, McQueen, *supra*, 302 F.Supp. at 884; Sciaraffa v. Oxford Paper Co., 310 F.Supp. 891, 898 (D.Me.1970).

We believe this construction is consistent with the statutory history underlying the provisions of § 706(e) of the Act. Section 707(b) of the House version of Title VII granted enforcement powers to the Equal Opportunities Commission which could, following its unsuccessful efforts to obtain the employer's compliance with law "within ninety days, bring a civil action to prevent the respondent [employer] from engaging in such unlawful employment practice * * *." H.R.Rep.No.914, 88 Cong., 1st Sess. (1963), as reported by the U.S. Equal Employment Opportunity Commission in Legislative History of Titles VII and XI of Civil Rights Act of 1964 at 2012. The Senate modified the House proposal by stripping the Commission of its power to initiate a civil action, but the Senate bill gave an aggrieved person the right to bring his own suit in federal court within a 30-day period and further authorized the federal court to appoint counsel and permit a complainant to commence action without payment of fees, costs, or security. However, in making this change, the Senate, as evidenced by Senator Humphrey's remarks, was not oblivious to the plight of the poor:

> Since it is recognized that the maintenance of a suit may impose a great burden on a poor individual complainant, the Federal court may, on application of the complainant, appoint an attorney for him and authorize the commencement of the action, without the payment of fees, costs, or security. [Legislative History * * *, *supra*, at 3004.]

Legislation which evinces such concern over the burden imposed upon a working man or woman seeking to enforce Title VII rights requires a practical and reasonable construction of its enforcement provisions. Since Congress granted a complainant only 30 days to bring a Title VII action, such action must be deemed brought within the 30-day period when the layman initiates a proceeding in the district court, including, as here, applying to the district court for the appointment of an attorney and for the right to proceed without payment of fees, costs or security. In ruling on such application, the district court should specify a reasonable period of time for the filing of a formal complaint against the employer. A more restrictive construction of the statute, as shown by a substantial number of cases in which a Title VII complainant did not file a formal complaint within 30 days, serves only to deprive many deserving working men and women of their Title VII remedy.

We reverse the district court and direct that the complaint be reinstated.