**Aristotle MOSHOS, Plaintiff,**

v.

**DISTRICT COUNCIL OF NEW YORK, LOCAL UNION 1456, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, et al., Defendants.**

**No. 71 Civ. 4847.**

United States District Court, S. D. New York.

Dec. 4, 1974.

---

4. This case was decided before *National Carbide.*

Jules R. Teitler, Brooklyn, N. Y., for plaintiff.

Breed, Abbott & Morgan, New York City, for defendants; Clifford S. Bart, New York City, of counsel.

## MEMORANDUM AND ORDER

OWEN, District Judge.

This is a motion to dismiss the present action on the ground that the Court lacks jurisdiction of the subject matter because plaintiff has failed to comply with the jurisdictional provisions of 42 U.S.C. § 2000e et seq. and because there exists no complete diversity of citizenship among the parties to the action.

Plaintiff alleges that in 1970, he was illegally fined for criticizing the leadership of defendant union and was discriminated against by defendant in his employment by reason of his Greek National origin, all in violation of Title VII of the Civil Rights Act of 1964. According to plaintiff he filed a complaint with the U. S. Equal Employment Opportunity Commission (E.E.O.C.) on June 2, 1970. His action was referred to the New York State Division of Human Rights which dismissed his complaint on August 7, 1970. On December 21, 1970, the State Human Rights Appeal Board affirmed. Plaintiff took no appeal in New York State from this ruling.·

On January 21, 1971, plaintiff received a "Notice of Right to Sue within 30 days" from the E.E.O.C. He apparently filed his Notice of Right to Sue immediately along with an application for the appointment of counsel in his behalf and for the waiver of prepayment of costs, fees, and security. In an order dated Jan. 22, 1971, plaintiff's application was granted and counsel was appointed.

No complaint was filed in the present action, however, until November 5, 1971. Service of the summons and complaint was not consummated until February 2, 1973. Later in February, defendants moved to dismiss the complaint because it failed to contain a statement of the grounds upon which jurisdiction depended. On September 27, 1973, Judge Pierce denied the motion to dismiss but directed plaintiff's counsel to file an amended complaint. Since then a second

amended complaint has been filed and it is the jurisdiction alleged in this complaint that is the subject of the present motion.

As the Act stood in 1971, plaintiff had thirty days after receipt of the right-to-sue letter to bring a civil action.[1] There is general agreement among the Courts that if a plaintiff files no papers with the Court within the thirty-day time limit, his claim is jurisdictionally barred from consideration. Genovese v. Shell Oil Co., 488 F.2d 84 (8th Cir. 1973); Goodman v. City Products Corp., 425 F.2d 702 (6th Cir. 1970). However the law is by no means clearly settled on whether an action is timely commenced where plaintiff has filed his notice of right-to-sue letter and a request for appointment of counsel within the thirty-day time period, but has not filed a formal complaint.[2] Plaintiff urges that we adopt the position of those few Courts where the filing of a notice of right-to-sue or a request for an appointment of an attorney was held sufficient to constitute the bringing of an action within the meaning of 42 U.S.C. § 2000e–5(e). Huston v. General Motors Corp., 477 F.2d 1003 (8th Cir. 1973).[3] Such a rule, it is said, prevents the inappropriate result of having a layman-initiated-proceeding terminated by legal technicalities. Love v. Pullman Co., 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). However, the delay in filing the complaint in Huston was nowhere as great as that here. In Huston, because of personnel changes in the Legal Aid Society which was appointed to represent the defendant, the complaint was not served until approximately 40 days after the appointment of plaintiff's counsel.

I decline to follow Huston, supra, to the extent that it holds that the 30-day time limit is satisfied irrespective of the length of delay in filing a complaint after appointment of counsel.[4] Rather I believe Congressional intent is best satisfied by following those cases which hold that the filing of notice of right to sue or request for appointment of counsel tolls the 30-day statute, at least until counsel is appointed, and that the statute is satisfied if at least a rudimentary complaint is filed within a reasonable time thereafter. Harris v. Walgreen's Distribution Center, 456 F.2d 588 (6th Cir. 1972); Reyes v. Missouri-Kansas-Texas R. Co., 53 F.R.D. 293 (D.Kan.1971).[5]

As no reported case has ever sustained jurisdiction where no complaint even colorably meeting or purporting to meet the minimal requirements of Fed.R.Civ.P., Rule 8(a) has been filed for more than 9½ months after appointment of counsel, and with absolutely no reason for the delay proffered therefor, I conclude that the complaint was not filed within a reasonable time and that the action was not timely instituted within 42 U.S.C. § 2000e–5(e).[6]

---

1. The relevant portion of 42 U.S.C. § 2000e–5(e) then read:

(e) If . . . the Commission has been unable to obtain voluntary compliance with this subchapter, the Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge (1) by the person claiming to be aggrieved * * *.

As amended March 24, 1972, the statute now provides that the aggrieved party shall have 90 days after notice to bring a civil action. 42 U.S.C. § 2000e–5(f)(1).

2. Fed.R.Civ.P., Rule 3 provides: "A Civil action is commenced by filing a complaint with the Court."

3. Certain unreported cases supporting this proposition are also cited in Rice v. Chrysler Corp., 327 F.Supp. 80, 83 (E.D.Mich.1971).

4. Even the Huston Court stated at p. 1008 that "In ruling on such application [for appointment of attorney and prepayment of fees] the district court should specify a reasonable period of time for the filing of a formal complaint against the employer."

5. Harris v. National Tea Co., 454 F.2d 307 (7th Cir. 1971) holds that the 30-day statutory period is tolled only for the period between the time the Court is asked to appoint counsel and the time such counsel is appointed.

6. Where Courts have directed that a complaint be served after appointment of coun-

In this regard another Judge of this Court has stated in dictum in referring to a complaint filed in March 1972 by counsel appointed in the preceding July " . . . it is doubtful that such tolling [of the thirty-day statutory period] could continue for over seven months until the complaint was filed." 5 EPD ¶ 8001 at p. 6671 (S.D.N.Y.1972).

Since this court has no subject matter jurisdiction under the Civil Rights Act of 1964, and since there is plainly no diversity of citizenship, United Steelworkers of America v. R. H. Bouligny, Inc., 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed. 2d 217 (1965), the complaint is dismissed.

So ordered.

sel, a twenty or thirty day period has been specified. See Alexander v. Gardner-Denver Co., 346 F.Supp. 1012 (D.Col.1971), aff'd, 466 F.2d 1209 (10th Cir. 1972) ; Harris v. Walgreen's Distribution Center, 456 F.2d at 592 and cases cited therein. While in the absence of a Court order directing such service, a period of longer than 30 days may be reasonable for service of the complaint, a delay of nearly ten times as long is manifestly unreasonable.