**Kenneth L. HINTON, Plaintiff,**

v.

**CPC INTERNATIONAL, INC., and Oil, Chemical and Atomic Workers International Union, Local 5-617, Defendants.**

**No. 73 CV-668-W-4.**

United States District Court,
W. D. Missouri, W. D.

Dec. 12, 1974.

---

Sloan Wilson, Hill, McMullin & Wilson, Kansas City, Mo., Michael Lerner, Barnett & Lerner, Kansas City, Kan., for plaintiff.

Douglas Stripp and Leonard Singer, Michael D. Gordon, and Doyle R. Pryor, Jolley, Walsh, Gordon & Staab, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER DISMISSING COMPLAINT

ELMO B. HUNTER, District Judge.

This matter is currently before the Court to consider the motion of defendant Oil, Chemical and Atomic Workers (Union) for summary judgment, and the thereafter joint motion of plaintiff and the Union to dismiss the complaint as against the Union. Defendant CPC International (Company) has objected to the dismissal of the complaint against the Union, stating that the Union is a necessary party to this litigation. Upon the Court's own motion, and for the reasons set forth below, the complaint of plaintiff as against both defendants will be dismissed for want of federal jurisdiction.

### I.

Plaintiff brought this action on December 20, 1973, against the defendant Company and Union, alleging a violation of Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., alleging jurisdiction under that section and under 28 U.S.C. § 1343(4). The complaint alleges unlawful employment

practices on the part of the Company in several particulars, and, as against the Union, merely states:

"Rule 19(a)(2) Defendant.

"8. Defendant Local 5–617 is named as a defendant because the decree which might be entered by this Court may affect, in some way, its collective bargaining agreement with defendant "CPC"."

On August 19, 1974, the defendant Union moved for summary judgment, and, although not so stating explicitly, to dismiss the complaint as against it for lack of federal jurisdiction. The essence of the motion is that this Court does not have jurisdiction to consider the complaint as against the Union due to the failure of plaintiff to file this suit within ninety (90) days of receipt of his "right to sue letter" from the Equal Employment Opportunity Commission [EEOC].[1] This motion was not opposed by any party, and on October 17, 1974, the Court was advised in a letter from plaintiff that he would not oppose the motion and would file a motion on his own behalf to dismiss the complaint as against the Union.

On November 3, 1974, plaintiff filed his motion to dismiss against the Union. In this motion, plaintiff states that the "Notice of Right to Sue Within 90 Days" letter was received by plaintiff on July 19 or 20, 1973; that no agreement existed between plaintiff and the defendant Union by which the Union consented to an extension of the ninety day period to December 20, 1973, the date of filing of the complaint; and that therefore this Court lacks jurisdiction to consider the complaint as against the Union. The motion further states that plaintiff does not claim any violation of the collective bargaining agreement by the Union, that he does not claim that the agreement is illegal either on its face or as applied, and that plaintiff does not claim

that the Union committed any illegal act and does not seek any relief against it. No counterclaims or cross claims have been filed in this action. Defendant Union joined in the motion.

On November 7, 1974, defendant CPC filed suggestions in opposition to the motion to dismiss the Union. The essence of the Company's opposition is that the Union, by virtue of the collective bargaining agreement between the Company and the Union, is an indispensible party to this action, as any decree that might be entered in favor of plaintiff would inevitably affect the collective bargaining agreement, and therefore, the rights of Union members not parties to this action.

On November 11, 1974, the defendant Union responded to the Company's opposition to the dismissal. In this opposition it appears for the first time that the plaintiff did not file a charge of discrimination against the Union before the EEOC. The Union then contends that it is not an indispensable party to this action, especially as plaintiff has stated that no violations of the collective bargaining agreement are in issue here. Defendant Union further observes that the Company has not cross-claimed in any way against the Union, and that the Union's presence in this litigation is due solely to the complaint of plaintiff against it. Additional suggestions in support of its position were filed by defendant CPC on November 15, 1974.

The question first presented by the various motions is whether the Union may be sued as a party defendant by Plaintiff under 42 U.S.C. § 2000e–5(f)(1) where the Union was not charged before the Equal Employment Opportunity Commission and where no direct relief is sought against the Union, when it is the defendant employer's position that the Union is a necessary party to the litigation. The language of

---

1. If the ninety day limit to sue contained in § 2000e–5(f)(1) is considered to be a statute of limitations, then the proper motion is for summary judgment. If filing suit within the ninety days is a jurisdictional prerequisite, then the proper motion is to dismiss for lack of jurisdiction.

Section 2000e–5(f)(1) apparently limits suit under that section by a private party to only against "the respondent named in the charge" before the E.E.O.C. Nevertheless, the decisions in this regard are not uniform, and no clear-cut rule has yet emerged. Compare Thornton v. East Texas Motor Freight Co., 497 F.2d 416 (6th Cir. 1974); E. E. O. C. v. MacMillan-Bloedel Containers, Inc., 503 F.2d 1086, (6th Cir., 1974); LeBeau v. Libby-Owens-Ford Co., 484 F.2d 798 (7th Cir. 1973) and cases cited therein; E. E. O. C. v. Missouri-Pacific R. Co., 493 F.2d 71 (8th Cir. 1974); Local 719, United Textile Workers v. Federal Paper Stock Co., 461 F.2d 849 (8th Cir. 1972), and Sanchez v. Trans World Airlines, Inc., 499 F.2d 1107 (10th Cir. 1974). It is unnecessary to reach this question in this case, however, as this Court, for the reasons stated *infra,* has concluded that the complaint must be dismissed for want of federal jurisdiction.

## II.

Plaintiff's complaint in this case was filed on December 20, 1973. Based upon plaintiff's statement in his motion to dismiss the complaint as against the defendant Union, plaintiff received his "Notice of Right To Sue Within 90 Days" from the E.E.O.C. on July 19 or July 20, 1973. The complaint therefore was not filed by plaintiff within the 90 days contemplated by Section 2000e–5(f)(1). The question thus presented is whether this failure to timely file suit deprives this Court of subject matter jurisdiction over plaintiff's complaint.

The preconditions to a private party bringing suit under Section 2000e–5 have been recently summarized by the Eighth Circuit. In E. E. O. C. v. Missouri-Pacific R. Co., 493 F.2d 71 (8th Cir. 1974) the Court stated as follows:

"1. A charge must be filed within 180 days after the occurrence of an alleged unlawful employment practice.

"2. If the Commission finds reasonable cause to believe that the charge is true, and conciliation attempts prove unsuccessful, the Commission may bring suit against the respondent within 180 days of the filing of the charge. The charging party shall have the right to intervene in the Commission's suit.

"3. If the Commission fails to file an action within 180 days, it shall notify the charging party.

"4. Within 90 days after receipt of notice, the charging party may bring a civil action against the respondent. Should a private action be brought, the Commission may intervene, in the discretion of the court, upon certification that the case is of general public importance."

In considering the pre-conditions to suit set forth in Section 2000e–5, the Supreme Court has recently reaffirmed that these pre-conditions are jurisdictional in nature. In the case of Alexander v. Gardner-Denver Co., 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974), the Court noted that Section 2000e–5 does

"vest federal courts with plenary powers to enforce the statutory requirements; and it specifies with precision the jurisdictional prerequisites that an individual must satisfy before he is entitled to institute a lawsuit. In the present case, these prerequisites were met when petitioner (1) filed timely a charge of employment discrimination with the Commission, and (2) received and acted upon the Commission's statutory notice of the right to sue". Alexander v. Gardner-Denver Co., *supra,* 415 U.S. at 47, 94 S.Ct. at 1019, 39 L.Ed.2d at 157.

And see McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).[2]

**2.** *Alexander, McDonnell,* and many of the cases cited *infra* with regard to the prerequisites to suit under Section 2000e–5 were concerned with Section 2000e–5 prior to the

Although the Supreme Court has never specifically addressed the question of a suit filed outside of the time limit for suit after notification of right to sue by the E.E.O.C., it would appear that the 90 day time limit imposed after receipt of the notice is a jurisdictional pre-condition to suit. As noted above, the pre-conditions to suit set forth in Section 2000e–5 are jurisdictional in nature, and are specifically set forth. The Court has specifically held that, with regard to the time limit imposed for filing of a charge before the E.E.O.C., that a *timely* filing is a jurisdictional precondition to suit. Alexander v. Gardner-Denver Co., *supra*. There is no reason to believe that the 90 day time limit for the filing of suit after notification of the right to sue should be treated as anything other than a jurisdictional requirement. The procedural scheme of Section 2000e–5 clearly sets forth the jurisdictional prerequisites to suit, and the instituting of the suit within 90 days after notification by the E.E.O.C. of the right to sue is the final precondition that must be met in order to vest jurisdiction in the federal courts to entertain the action.[3] As noted in *Alexander, supra,* it is a jurisdictional precondition to suit that the aggrieved individual have "received and acted upon the Commission's statutory notice of the right to sue". It would do violence to the clear language of the statute to hold this section jurisdictional, and at the same time to hold the language limiting exercise of that right to a narrow time frame not to be jurisdictional.

Although the Supreme Court has never addressed itself to this question, it has been presented in various contexts to a number of the circuit courts of appeal. In Harris v. National Tea Co., 454 F.2d 307 (7th Cir. 1971) the statutory time limit in which to institute suit after receipt of the notice of right to sue was specifically held a jurisdictional requirement. The Fifth and Sixth Circuits have recently reached this result also. See Thornton v. East Texas Motor Freight, 497 F.2d 416 (6th Cir. 1974), and Genovese v. Shell Oil Co., 488 F.2d 84 (5th Cir. 1973). The Ninth Circuit has also evidently adopted this position. See Gates v. Georgia-Pacific Corp., 492 F.2d 292 (9th Cir. 1974).[4] Plaintiff also agrees that the 90 day limit is jurisdictional. This is the basis of his motion to dismiss the complaint as against the Union.

Although the 90 day time limit is a jurisdictional prerequisite to suit, it has been discussed in other terms. In Goodman v. City Products Corp., 425 F.2d 702 (6th Cir. 1970) the Court stated that the Court may not "receive the case" after the time period set for instituting suit had expired. In Sanchez v. Standard Brands, Inc., 431 F.2d 455 (5th Cir. 1970), the Court noted that the time periods for filing of charges before the E.E.O.C. and for later instituting suit are both preconditions to suit. See also Goodman v. City Products Corp., *supra*. The timely filing of the charge before the Commission is as noted above, clearly jurisdictional. Alexander v. Gardner-Denver Co., *supra*. The Fourth Circuit has noted that the time limit specified for institution of suit must be strictly adhered to, and that once the specific statutory time limit has expired the right to sue is "forever extinguished". See Stebbins v. Nationwide

---

1972 amendments. However, the only differences relevant to the instant matter are the time limits imposed. With reference to the time to institute suit after notification of right to sue by the E.E.O.C., the 1972 amendments increased that time from 30 days to 90 days. However, the previous cases relating to the time limit with regard to its effect if suit is not instituted within the limit are clearly applicable to the instant question.

3. The language of Section 2000e–5(f)(1) that compels this result is clear and plain. After notification by the Commission to the aggrieved person of the right to sue, "within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge," by the aggrieved individual.

4. And see Choate v. Caterpillar Co., 402 F. 2d 357 (7th Cir. 1968).

Mutual Insurance Co., 469 F.2d 268 (4th Cir. 1972), and E. E. O. C. v. Cleveland Mills Co., 502 F.2d 153 (4th Cir. 1974), respectively.[5]

The Eighth Circuit has evidently never specifically addressed itself to this question. In Huston v. General Motors Co., 477 F.2d 1003 (8th Cir. 1973), the Court noted that the time limit in which to bring suit bars any suit not timely filed, absent equitable considerations sufficient, in essence, to toll the statute. However, in Huston the Eighth Circuit apparently has agreed that the time limit for filing suit after receipt of the right to sue letter is jurisdictional, as it cited, with apparent approval, Harris v. National Tea Co., supra, 454 F.2d 307 (7th Cir. 1971) and Torockio v. Chamberlain Mfg. Co., 328 F.Supp. 578 (W. D.Pa.1971), both of which hold that the filing of suit within the limitation period is a jurisdictional precondition to suit.

In certain situations, the filing of the formal complaint after the time limit has run has been permitted, where the Court has concluded that the plaintiff had instituted the suit within the time period permitted, even though no formal complaint had been filed, and that therefore recognized equitable considerations dictated a construction of the statute to permit the suit. In Huston v. General Motors Corporation, 477 F.2d 1003 (8th Cir. 1973), the plaintiff requested the appointment of counsel by the Court pursuant to Section 703(e) of Title VII within the time period. The Court held that this action, by a layman, constituted "the bringing of the civil action under Title VII" thereby satisfying the statutory time limits. And, the filing of the "right to sue" letter by plaintiff within the time limits has been held sufficient. Reyes v. Missouri-Kansas-Texas R. R. Co., 53 F.R.D. 293 (D.Kan.1971).

The manner in which a tolling of the time period would operate was illustrated by the Eighth Circuit in Huston, supra. If on the sixth day after receipt of the right to sue letter the plaintiff requests appointment of counsel, his attorney will have twenty-four days from the date of appointment in which to file a formal complaint. Failure to so file within the twenty-four day period bars the action. Huston v. General Motors Corp., supra, 477 F.2d 1003 (8th Cir. 1973) at 1006; Harris v. National Tea Company, supra, 454 F.2d 307 (7th Cir. 1971).

■ The essence of this exception, if it may be so termed, to the jurisdictional requirement of suit within the time period specified by the statute is that a non-attorney should not forfeit his claim if he has done everything within his power to bring about legal proceedings to enforce his rights within the limitation period. But in order to come under this exception, and in order for the court to determine that a civil proceeding has been instituted within the time limit, the plaintiff must initiate a proceeding in the district court within the time limit. Huston v. General Motors Corp., supra, 477 F.2d 1003 (8th Cir. 1973) at 1008. Absent an exception of the type outlined above, a complaint filed after the time limit has expired must be dismissed. Stebbins v. Nationwide Mutual Insurance Co., 469 F.2d 268 (4th Cir. 1972); Goodman v. City Products Corp., 425 F.2d 702 (6th Cir. 1970).[6]

5. The Tenth Circuit in Archuleta v. Duff's, Inc., 471 F.2d 33 (10th Cir. 1973) spoke of the limitation as a statute of limitations rather than as a jurisdictional prerequisite to suit. The Court noted, however, that the time limit cannot be judicially extended. The clear weight of authority supports the construction of the time limit in which a suit may be instituted as jurisdictional.

6. It is worth note that it has been held that the initiation of the grievance procedure under a collective bargaining agreement "tolls" the statute with regard to the time period between the date of the alleged unlawful employment practice and the last date the charge may be filed with the E.E.O.C. Culpepper v. Reynolds Metals Co., 421 F.2d 888 (5th Cir. 1970); Malone v. North American Rockwell Co., 457 F.2d 779 (9th Cir. 1972); Moore v. Sunbeam Corporation, 459 F.2d 811, (7th Cir. 1972); Sanchez v. Trans World Airlines, 499 F.2d 1107 (10th Cir.

To summarize, in order for a federal district court to have subject matter jurisdiction over a suit brought pursuant to the provisions of 42 U.S.C. § 2000e–5(f)(1), each of the preconditions to suit set forth in Section 2000e–5 must be satisfied. If a suit is not filed within the ninety day period specified by Section 2000e–5(f)(1) after receipt of the notice of the right to sue from the E.E.O.C., the court lacks subject matter jurisdiction over the action. Although a formal complaint may in certain limited circumstances be permitted after the time period has expired, the plaintiff must have initiated a proceeding in the district court within the time period.

In this case, the notice of the right to sue was received by plaintiff on July 19, or July 20, 1973, and the limitation period began to run on that date. Franks v. Bowman Trans. Co., 495 F.2d 398 (5th Cir. 1974). No proceeding of any sort was instituted in this Court by plaintiff until the filing of the complaint on December 20, 1973, well beyond the ninety day period specified by Section 2000e–5(f)(1). Accordingly, plaintiff did not satisfy that precondition to suit requiring the timely filing of the suit within the specified period after receipt of the right to sue letter. It is therefore apparent that the complaint must be dismissed for want of jurisdiction. Although this order may produce a harsh result, the remedy for this situation lies with Congress, and not this Court. Stebbins v. Nationwide Mutual Insurance Co., 469 F.2d 268 (4th Cir. 1972). Goodman v. City Products Corp., 425 F.2d 702 (6th Cir. 1970).

It is apparent from the motion to dismiss the Union, from the Union's motion for summary judgment, and the various suggestions in support of and in opposition to these motions, that plaintiff had counsel at the time of receipt of his right to sue letter.[7] The reason that suit was not filed within the time period was apparently that counsel for plaintiff and for defendant CPC were negotiating in an attempt to resolve their differences amicably before resulting to the necessity of this litigation. Accordingly, plaintiff and defendant CPC evidently agreed that defendant CPC would not raise the jurisdictional issue should a suit later be filed.[8]

While this Court may applaud the effort made by plaintiff and defendant CPC, their agreement not to raise the jurisdictional issue cannot serve as a basis for finding jurisdiction in this Court to hear this action. It is a fundamental principle of federal jurisdiction that litigants cannot, by their agreement, confer jurisdiction upon a federal court where jurisdiction is not otherwise present. That principle would be violated should this Court find jurisdiction upon the agreement of the parties not to raise it before the court.

Accordingly, for the reasons stated above, plaintiff's complaint in this cause is hereby dismissed, as against all defendants, for lack of federal jurisdiction.

It is so ordered.

1974). These cases recognize that the time limit for filing with the Commission is jurisdictional, but hold that, for purposes of Section 2000e–5 that the alleged unlawful employment practice cannot be said to have completely occurred until the contractual remedies provided by the collective bargaining agreement have been exhausted. Culpepper v. Reynolds Metals Co., *supra*, 421 F.2d at 891. Accordingly, the time period does not begin to run until the grievance procedure has been exhausted. Moore v. Sunbeam Corp., *supra*, 459 F.2d at 827. This rationale has never been applied to the time limit between receipt of the right to sue letter and the initiation of suit, however.

Further, this rationale only applies to time in which the grievance procedure under the collective bargaining agreement is in operation. No private attempts at settlement or conciliation not within the confines of the grievance procedure under the labor contract serve to suspend the time limits of the statute. Moore v. Sunbeam Corp., *supra*, 459 F.2d at 827.

7. Had he not have had counsel, he would still have been required to initiate some proceeding in the district court within the time period for jurisdiction to have attached.

8. See plaintiff's motion to dismiss the complaint as against the Union.