Willie Lee BURNS, Appellant,

v.

UNION PACIFIC RAILROAD, Appellee.

No. 77–1037.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 11, 1977.

Decided Oct. 19, 1977.

Samuel I. McHenry, Legal Aid & Defender Society, Kansas City, Mo., on brief for appellant.

Allan L. Bioff and Leonard Singer, Watson, Ess, Marshall & Enggas, Kansas City, Mo., on brief for appellee.

Before LAY, HEANEY and ROSS, Circuit Judges.

PER CURIAM.

Plaintiff Willie Lee Burns appeals from an order dismissing his complaint under 42 U.S.C. § 1981 as barred by the statute of limitations.

The plaintiff was employed by the defendant on August 21, 1956. On June 2, 1971, the plaintiff's employment was terminated. After pursuing the grievance procedures provided in the collective bargaining agreement between his union and the defendant, the plaintiff filed a charge of racial discrimination based on his discharge with the Equal Employment Opportunity Commission (EEOC) on March 4, 1972. The EEOC issued a Notice of Right to Sue on April 8, 1976, and on May 10, 1976, the plaintiff filed this document, along with requests to proceed in forma pauperis and with appointed counsel, in the United States District Court for the Western District of Missouri. Counsel was appointed and on July 8, 1976, the plaintiff filed his complaint. Count I of the complaint alleged that the plaintiff's discharge was the result of racial discrimination in violation of Title VII of the Civil Rights Act of 1964.[1] Count II alleged that the plaintiff's discharge violated 42 U.S.C. § 1981.

The district court granted the defendant's motion to dismiss as to both counts of the complaint. The court held that the plaintiff's failure to file a charge of discrimination with the EEOC within the statutory period[2] required dismissal of Count I. The court further held that the plaintiff's cause of action under § 1981 was barred by the statute of limitations. The plaintiff has appealed that part of the order dismissing Count II.

■ Since § 1981 contains no limitation period, federal courts must apply the most appropriate statute of limitations provided by state law in cases arising under the statute. *Johnson v. Railway Express Agen-*

cy, Inc., 421 U.S. 454, 462, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). The trial court determined that the limitation period to be applied in this action was the five-year period set out in Mo.Rev.Stat. § 516.120(1) (1949), and that the plaintiff's complaint filed July 8, 1976, was untimely because more than five years had passed between the date of discharge and the filing of the complaint.

■ It is well established that an individual's remedies under § 1981 are separate and distinct from those under Title VII, and that the statute of limitations applicable to an action under § 1981 is not tolled pending disposition of a Title VII claim based on the same facts. *Johnson v. Railway Express Agency, Inc.,* supra at 466, 95 S.Ct. 1716; *Greene v. Carter Carburetor Co.,* 532 F.2d 125, 127 (8th Cir. 1976). In *Wright v. St. John's Hospital,* 414 F.Supp. 1202, 1207 (N.D.Okl.1976), the court held the plaintiff's § 1981 claim barred in a factual situation identical to that presented here.

The plaintiff asserts, however, that the Notice of Right to Sue and other documents filed May 10, 1976, should be considered the original complaint in this action. He further asserts that the complaint filed July 8, 1976, should be considered an amended complaint which, pursuant to Fed.R.Civ.P. 15(c), would relate back to the date of the original pleading. Thus he contends that his action was commenced prior to the expiration of the limitation period.[3]

■ We need not decide this question. The undisputed record demonstrates that plaintiff was a resident of California, and that prior to the time of his discharge plaintiff worked for the defendant in Kansas City, Kansas, and that any future work

---

1. 42 U.S.C. § 2000e et seq.

2. *See* 42 U.S.C. § 2000e–5(e).

3. We have held that the filing of a Notice of Right to Sue along with in forma pauperis documents constitutes initiation of a civil action under Title VII. *Huston v. General Motors Corp.,* 477 F.2d 1003, 1008 (8th Cir. 1973). The decision in *Huston,* however, was based in large part on the "policy of liberal interpretation of the procedural requirements in regard to layman-initiated proceedings under Title

VII," *id.* at 1008, and this court's conclusion that "[s]ince Congress granted a complainant only 30 days to bring a Title VII action, such action must be deemed brought within the 30-day period when the layman initiates a proceeding in the district court, including, as here, applying to the district court for the appointment of an attorney and for the right to proceed without payment of fees, costs or security." *Id.* (The statute has now been amended to provide a 90-day period in which to bring an action under Title VII. 42 U.S.C. § 2000e–5(e).

would be performed in Kansas. The record unequivocally demonstrates that plaintiff's claim originated in the State of Kansas. According to Missouri's "borrowing statute," [4] the three-year Kansas statute of limitations would be applicable in this case. Kan.Stat. § 60–512 (1976). *Cf. Cope v. Anderson,* 331 U.S. 461, 464–465, 67 S.Ct. 1340, 91 L.Ed. 1602 (1947).

Plaintiff's § 1981 claim, allegedly filed on May 10, 1976, is thus barred in any event.

Judgment affirmed.

---

4. The Missouri borrowing statute provides:

Whenever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state. Mo.Rev.Stat. § 516.190· (Cum.Supp.1977).