United States Court of Appeals,

Eleventh Circuit.

No. 95-2672.

INTERNATIONAL UNION, UNITED PLANT GUARD WORKERS OF AMERICA and Local Union No. 127, Plaintiffs-Counter-Defendants-Appellants,

v.

JOHNSON CONTROLS WORLD SERVICES, INC., Defendant-Counter-Claimant-Appellee.

Dec. 4, 1996.

Appeal from the United States District Court for the Middle District of Florida. (No. 94-557-CIV-ORL-22), Anne C. Conway, Judge.

Before CARNES, Circuit Judge, and FAY and GIBSON[*], Senior Circuit Judges.

JOHN R. GIBSON, Senior Circuit Judge:

The International Union of the United Plant Guard Workers of America and its Local Union No. 127 appeal from the district court's entry of summary judgment against them on their suit to compel Johnson Controls World Services, Inc. to submit to arbitration. The district court determined that the union's suit was time-barred under the six-month statute of limitations borrowed from the National Labor Relations Act. We reverse.

The union and Johnson Controls are parties to a collective bargaining agreement covering conditions of employment of security guards working at Cape Canaveral Air Force Station. Cape Canaveral is a federal enclave, ceded by the state of Florida to the federal government in 1955.

---

[*]Honorable John R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designa`

On July 17, 1991 the union filed three grievances [1] alleging that Johnson Controls was using supervisory personnel to do work guaranteed to the members of the bargaining unit under the collective bargaining agreement. [2] The union appealed the grievances to arbitration, in accordance with the provisions in the collective bargaining agreement. On August 26, 1993 Johnson Controls notified the union that it denied the grievances and would not process them further. On May 16, 1994, the union filed suit under section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185 (1994), seeking to compel arbitration of the grievances.

Johnson Controls moved for summary judgment on the ground that the suit was barred by the six-month statute of limitations borrowed from section 10 of the National Labor Relations Act, 29 U.S.C. § 160(b) (1994). The district court entered judgment for Johnson Controls. The court reasoned that since section 301 of the LMRA had no statute of limitations, the court should borrow state law in accord with the principles of *Reed v. United Transportation Union,* 488 U.S. 319, 109 S.Ct. 621, 102 L.Ed.2d 665 (1989), *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), and *United Paperworkers International v. ITT Rayonier, Inc.,* 931 F.2d 832 (11th Cir.1991). The court did not explicitly consider which state it ought to

---

[1]The union concedes that two of the three grievances have been settled and are therefore moot. This opinion only concerns the surviving grievance, No. 91-SP-19, concerning the use of sergeants to do electronic security system control monitoring.

[2]Article 22, section (c) of the collective bargaining agreement stated: "Supervisors normally will not perform the duties of Security Policemen other than in emergency situations."

borrow from, but merely assumed that it should borrow the law governing the situs of the dispute, Cape Canaveral. Cape Canaveral, being a federal enclave, has no state law as such, except to the extent that it incorporated, as its own, Florida law as it existed at the time Florida ceded the enclave to the United States. The court therefore arrived at the conclusion that if it were to apply state law at all, it must be Florida law as it existed in 1955, the time when the enclave was ceded to the United States. The analogous limitation period from pre-cession Florida law was five years. Fla.Stat. ch. 95.11(3) (1955). The court concluded that a five-year limitation period would contravene the federal interest in prompt resolution of labor disputes, citing *International Association of Machinists & Aerospace Workers, Local 1688 v. Allied Products Corp.,* 786 F.2d 1561 (11th Cir.1986). Consequently, the court decided that it must apply the most analogous federal statute of limitations, which was the six-month period from section 10(b) of the N.L.R.A. The union filed the suit more than six months after Johnson Controls informed the union of its refusal to arbitrate. Therefore, the court held the suit was time-barred.

On appeal, the union argues that the pre-cession law of Florida is not state law. Even though it originated as state law, it has been incorporated into the federal law of the enclave and is now federal law. Therefore, the court would not be borrowing state law, as dictated by *Reed,* et al., if it borrowed this federal law. The union argues that to borrow state law, we must look to the present law of Florida. On the other hand, Johnson Controls argues

that pre-cession Florida law is the relevant state law, that the district court properly refused to follow it, and that the court correctly chose the federal six-month statute.

So, Johnson Controls argues that state law means the law of the enclave, and the Union argues that state law means the present law of Florida. Though neither side articulates a theory of how to select the relevant state law, in effect, the question they pose is whether we are to apply the limitations law of the forum or that of the place where the claim arose.

In this circuit we have stated: "Where Congress has provided no limitations period for a federal claim ... a court must borrow the applicable limitations period and tolling rules *from the state in which it sits,* unless those rules are inconsistent with federal policy." *Hawthorne v. Wells,* 761 F.2d 1514, 1515 n. 7 (11th Cir.1985) (emphasis added). *Accord Fullman v. Graddick,* 739 F.2d 553, 557 (11th Cir.1984); *McGhee v. Ogburn,* 707 F.2d 1312, 1313 (11th Cir.1983). In the former Fifth Circuit, the cases sometimes stated that federal courts borrowed the forum state's law and sometimes stated that they borrowed the law of the state where the cause arose, without acknowledging the apparent conflict between the two rules. *Compare Vigman v. Community Nat. Bank & Trust Co.,* 635 F.2d 455, 459 (5th Cir.1981) (law of forum); *and Beard v. Stephens,* 372 F.2d 685, 688 (5th Cir.1967) (same); *with Sewell v. Grand Lodge,* 445 F.2d 545, 549 (5th Cir.1971) (place where claim arose, but citing *Beard v. Stephens, supra,* which states opposite rule), *cert. denied,* 404 U.S. 1024, 92 S.Ct. 674, 30 L.Ed.2d 674 (1972); *and Dantagnan v. I.L.A. Local 1418,* 496 F.2d 400, 401 (5th

Cir.1974) (law of place where claim arose, citing *Sewell* ).[3]

The Supreme Court has not definitely settled the question of what state's limitations law is to be borrowed.[4]  The choice of law

---

[3]Most other circuits borrow the law of the forum.  *See Ceres Partners v. GEL Associates,* 918 F.2d 349, 353 (2d Cir.1990); *Eichleay Corp. v. International Ass'n of Iron Workers,* 944 F.2d 1047, 1062 (3d Cir.1991), *cert. dismissed,* 503 U.S. 915, 112 S.Ct. 1285, 117 L.Ed.2d 510 (1992);  *Champion Int'l Corp. v. United Paperworkers International Union,* 779 F.2d 328, 332-34 (6th Cir.1985);  *Teamsters Local No. 579 v. B & M Transit, Inc.,* 882 F.2d 274, 276 (7th Cir.1989);  *Kansas Pub. Employees Retirement Sys. v. Reimer & Koger Assoc., Inc.,* 61 F.3d 608, 611 (8th Cir.1995), *cert. denied,* --- U.S. ----, 116 S.Ct. 915, 133 L.Ed.2d 845 (1996);  *Forrestal Village, Inc. v. Graham,* 551 F.2d 411, 413 (D.C.Cir.1977).  There are, however, other views.  *See Held v. Manufacturers Hanover Leasing Corp.,* 912 F.2d 1197, 1202-03 (10th Cir.1990) (applying choice of law test from Restatement (Second) of Conflicts of Law).  *Compare Chung v. Pomona Valley Community Hosp.,* 667 F.2d 788, 791 (9th Cir.1982) (apply limitations law of state with most substantial contacts with claim), *with Felton v. Unisource Corp.,* 940 F.2d 503, 511 (9th Cir.1991) (apply limitations law of the forum).

[4]In *Cope v. Anderson,* 331 U.S. 461, 67 S.Ct. 1340, 91 L.Ed. 1602 (1947), the Supreme Court considered federal question cases which were filed in Ohio and Pennsylvania, respectively, but which arose in Kentucky.  The Court applied the borrowing statutes of the forum states, Ohio and Pennsylvania, which in turn required application of Kentucky's statute of limitations. The Supreme Court itself has apparently not considered *Cope v. Anderson* a clear statement of the law, since in a later case the Court explicitly reserved the choice of law question.  *See UAW v. Hoosier Cardinal Corp.,* 383 U.S. 696, 705 n. 8, 86 S.Ct. 1107, 1113 n. 8, 16 L.Ed.2d 192 (1966).

  The parties did not brief the question, and the union has not argued that the Florida borrowing statute, Fla.Stat. ch. 95.10 (1982), would apply and would require the court to apply Cape Canaveral law after all.  Some circuits routinely apply the forum state's borrowing statute, *see, e.g., Robertson v. Seidman & Seidman,* 609 F.2d 583, 586 (2d Cir.1979);  *Burns v. Union Pac. R.R.,* 564 F.2d 20, 22 (8th Cir.1977).  But in *Champion International Corp. v. United Paperworkers International Union,* 779 F.2d 328 (6th Cir.1985), the Sixth Circuit rejected the idea that *Cope* requires application of the forum state's borrowing statute. *Id.* at 332-34.  The Sixth Circuit held that federal courts should instead apply a federal choice of law rule, choosing the forum state's statute of limitations governing the most analogous state substantive claim unless it undermines

question was arguably decided, if only implicitly, in *North Star Steel Co. v. Thomas,* --- U.S. ----, 115 S.Ct. 1927, 132 L.Ed.2d 27 (1995). There, two cases were filed in Pennsylvania; one of the cases arose in Pennsylvania and one in Georgia. The issue in the cases was from what source the court should borrow a statute of limitations for a federal labor statute that did not contain its own limitations period. The Third Circuit held that state law applied, though it did not decide which state, since neither Georgia nor Pennsylvania law would have barred the suit. *United Steelworkers v. Crown Cork & Seal Co.,* 32 F.3d 53, 60 n. 4 (3d Cir.1994). The Supreme Court opinion affirmed that state rather than federal law should be the "lender of first resort" for federal statutes that have no limitations period. --- U.S. at ----, 115 S.Ct. at 1930. The Supreme Court did not discuss the issue of whether Georgia or Pennsylvania law should apply to the case that arose in Georgia, but the Court referred to Pennsylvania law, without mentioning the possible application of Georgia law. *See, e.g., id.* at ---- - ----, 115 S.Ct. at 1930-31. The Court also acknowledged that its rule could lead to forum shopping: "[Petitioners] are right of course that the practice of adopting state statutes of limitations for federal causes of action can result in different limitations periods in different states for the same federal action...." *Id.* at ---- - ----, 115 S.Ct. at 1931-32.

federal policy or causes undue hardship. *Id.* at 334. The Sixth Circuit, however, has limited the holding in *Champion International, see Caproni v. Prudential Securities, Inc.,* 15 F.3d 614, 617-18 (6th Cir.1994), deciding that it is sometimes appropriate to apply the forum state's borrowing statute. It suffices to say that we need not reach this difficult question.

This statement implies that the limitations law would be borrowed from the forum state, because if the law were borrowed from the state where the claim arose, the limitations period would not vary according to where the case was filed.

Considering the Eleventh Circuit precedent directing us to look to the law of the forum and the language in *North Star* which we take to be consistent with that rule, we conclude that the district court for the Middle District of Florida must apply the present law of Florida, the forum state. The district court erred in applying the law of the federal enclave, which was irrelevant. Under current Florida law, the most analogous statute of limitation is the one-year statute for specific performance of contract, Fla.Stat. ch. 95.11(5)(a). *See ITT Rayonier,* 931 F.2d at 835-36. Under the one year statute, the union's suit was timely.

Even if we were to borrow Cape Canaveral law, the relevant pre-cession Florida statute of limitations was five years, Fla.Stat. ch. 95.11(3) (1955). The district court declined to apply the five-year statute because it concluded that a five-year period would frustrate federal policy favoring speedy resolution of labor disputes. After rejecting the five-year period, the district court looked to the six-month federal statute. However, after the district court's decision, the Supreme Court decided *North Star Steel.* There, the Court said that even a six-year statute of limitations would not frustrate the federal interest in rapid disposition of labor disputes. --- U.S. at ----, 115 S.Ct. at 1931 (quoting *Hoosier Cardinal Corp.,* 383 U.S. at 707, 86 S.Ct. at 1114). We have some question as to whether the district court's

reasoning survives *North Star.*  If it does not, even if the federal enclave law applied, the relevant limitations period in Cape Canaveral would be five years.  This case would be timely, whether we applied the current Florida statute of limitations or the law of the federal enclave.

Finally, Johnson Controls contends that the grievance is not arbitrable because it presents a representation issue that has been decided by the National Labor Relations Board.  The Board decided two representation proceedings in which the union sought to represent the sergeants who it claims are doing work guaranteed to the bargaining unit.  First in a bargaining unit clarification proceeding and then in a proceeding for certification of a separate bargaining unit, the union sought to represent the sergeants.  The Board denied the clarification petition because the sergeants had historically been excluded from the bargaining unit and there had not been recent, substantial changes in their duties and responsibilities.  The Board denied the representation petition because it found the sergeants to be supervisors.  The grievance does not seek to represent the sergeants, but to keep them from performing duties of bargaining unit personnel.  The grievance lists as relief requested:  "Cease and desist from supervisors performing bargaining unit work."  This issue is distinct theoretically from that raised in the representation proceedings, though the two issues are related.  *See Carey v. Westinghouse Elec. Corp.,* 375 U.S. 261, 268-70, 84 S.Ct. 401, 407-08, 11 L.Ed.2d 320 (1964).  Though theoretically distinct, it may be that the factual issues are identical, but Johnson Controls has not demonstrated

that.  Therefore, we have no basis for precluding arbitration.

We REVERSE the judgment of the district court.