Joeanna BECKUM, Plaintiff,

v.

TENNESSEE HOTEL, Defendant.

Civ. A. No. C–70–417.

United States District Court,
W. D. Tennessee, W. D.

May 6, 1971.

Phillip E. Kuhn, Finley, Stein, Kuhn & Sisson, Memphis, Tenn., for plaintiff.

J. Edward Wise, Memphis, Tenn., for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

WELLFORD, District Judge.

This is an action pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C., § 2000e et seq.) and 42 U.S.C., § 1981 for alleged racial discrimination in employment practices. The defendant, Tennessee Hotel, has filed a motion to dismiss this action or in the alternative to strike certain portions of the complaint upon four separate grounds, being (1) that the plaintiff failed to bring this action within the thirty (30) day time limitation of 42 U.S.C., § 2000e–5(e); (2) that this action is barred by the Tennessee Statute of Limitations (T.C.A., § 28–304); (3) that some of the discriminatory acts alleged in the complaint were not submitted to the Equal Employment Opportunity Commission for purposes of reconciliation; and (4) that the complaint fails to state a cause of action under 42 U.S.C. § 1981.

On April 2, 1969, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission alleging that on April 2, 1969, defend-

ant, Tennessee Hotel, refused to hire her because of her race (Negro). The Commission was unable to effect voluntary compliance and transmitted to the plaintiff a Notice of Right-to-Sue on June 30, 1970. This notice was received by plaintiff on July 6, 1970.

Plaintiff was allowed to file her Notice of Right-to-Sue on August 5, 1970, in lieu of a formal complaint. This notice was filed with a Pauper's Oath asserting that plaintiff was financially unable to employ counsel to represent her.

Subsequently on October 2, 1970, the Clerk notified plaintiff that if a formal complaint were not filed on or before November 2, 1970, her suit would be dismissed. On October 30, 1970, a formal complaint was filed.

The defendant contends initially that this action should be dismissed since the plaintiff failed to timely file this lawsuit pursuant to § 2000e–5(e) which provides in relevant part as follows:

".  .  . [T]he Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge .  .  ."

■ There is little question but that the 30 day period within which suit may be filed under § 2000e–5(e) does not begin to run until the charging party has received notice from the Commission of its inability to achieve voluntary compliance. Cunningham v. Litton Industries, 413 F.2d 887 (9th Cir. 1969); Goodman v. City Products Corp., 425 F.2d 702 (6 Cir. 1970).

From the brief submitted by the Equal Employment Opportunity Commission, it appears that several Courts have very recently held that the thirty-day filing period has been satisfied where the plaintiff has filed his Notice of Right-to-Sue and approached the Court for appointment of counsel, although no complaint has been filed. See, e. g. McQueen v. E. M. C. Plastic Co., 302 F.Supp. 881 (E.D.Tex.1969); Austin v. Reynolds Metals Co., Civil No.

6022–R, 327 F.Supp. 1145, 63 LC 9408, 2 FEP cases 451 (E.D.Va.1970); Witherspoon v. Mercury Freight Lines, Inc., 59 LC 9219, 1 FEP Cases 662 (S.D.Ala. 1968); Shaw v. National Trust Co., (N. D.Okl.1971); Brock v. Southern Bell, Civil No. 68–1685 (E.D.La.1970); Reyes v. M–K–T Railroad Co., 53 F.R.D. 293 (D.C.Kan.1971). These results have generally been reached in recognition of the "heavy overtones of public interest" associated with such suits under Title VII. Jenkins v. United Gas Corp., 400 F.2d 28 (5th Cir. 1968). See also Antonopulos v. Aerojet-General Corp., 295 F.Supp. 1390 (E.D.Cal.1968).

■ In any event, it would be contrary to the intent of Title VII as a remedial statute if the Court were to dismiss the plaintiff's suit where, as here, the plaintiff has sought the Court's assistance and, in reliance upon the procedures adopted by the Court, made a timely filing of the statutory notice as a complaint. Although in an ordinary civil case an opposite result might be reached, here under the circumstances and since defendant was at least put on notice, the Court is of the opinion that the plaintiff's complaint should not be dismissed as untimely. We do not here decide, however, whether the notice satisfied Rule 8(a) (2) of the Federal Rules of Civil Procedure.

The defendant next contends that the plaintiff's action is barred by the Tennessee Statute of Limitations, T.C.A. § 28–304. This statute provides in pertinent part as follows:

"Actions for libel, for injuries to the person .  .  . civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes and statutory penalties shall be commenced within one (1) year after cause of action accrued."

■ It has been held that in the absence of a special congressional provision, federal courts must apply state statutes of limitations to federal causes of action. Ellenburg v. Shepherd, 304 F.Supp. 1059 (E.D.Tenn.1966) aff'd 406

F.2d 1331 (6 Cir. 1968) cert. den. 393 U.S. 1087, 89 S.Ct. 878, 21 L.Ed.2d 781; Crawford v. Zeitler, 326 F.2d 119 (6 Cir. 1964); Mulligan v. Schlachter, 389 F.2d 231 (6 Cir., 1968); Gentry v. Evans, 310 F.Supp. 840 (E.D.Tenn.1969). Clearly, § 1981, like § 1983 and § 1985, does not contain a limitation period. The Sixth Circuit has repeatedly held that T.C.A. § 28–304 and like statutes are applicable to actions filed under 42 U.S.C., § 1983 and § 1985. See, e. g., Williams v. Hollins, 428 F.2d 1221 (6 Cir., 1970) [applying T.C.A., § 28–304] and Madison v. Wood, 410 F.2d 564 (6 Cir., 1969) [applying appropriate Michigan statute]. Likewise, Judge Taylor in Snyder v. Swann, 313 F.Supp. 1267 (E.D.Tenn.1970) held that since the Civil Rights Act, § 1981 et seq., contained no period of limitation, T.C.A. § 28–304 which "creates a one-year period of limitations for actions under 'the federal civil rights statutes,'" was applicable and might be a "bar [to] this suit", at p. 1268.

■ In the instant case, plaintiff was refused employment, allegedly because of her race, on April 2, 1969. Her complaint was filed in this court on October 30, 1970. The action is barred by T.C.A. § 28–304 and plaintiff, therefore, cannot rely on 42 U.S.C., § 1981 as a basis for this action.

However, the District Court for the Eastern District of Tennessee in Jackson v. Cutter Laboratories, Inc., 338 F.Supp. 882, decided October 22, 1970, held that "under Title VII of the Civil Rights Act of 1964, and more specifically pursuant to § 706(e) of that Act [42 U.S.C. 2000(e)–5(e)] Congress has provided a limitation period for actions of [this] type" and, therefore, T.C.A. § 28–304 was not applicable. Judge Wilson stated at p. 885:

"The statute (T.C.A. § 28–304) relied upon by the defendant and the cases which support the application of state statutes of limitation to federal civil rights actions are clearly distinguishable from the instant case and are not applicable to actions brought pursuant to Title VII of the Civil Rights Act of 1964. Accordingly, the Court is of the opinion that the defendant's motion to dismiss upon the ground that the action is barred by the Tennessee Statute of Limitations (T.C.A. § 28–304) should be denied."

■ The Court agrees that by providing for a 30 day period in which an aggrieved party may bring an action [42 U.S.C. § 2000e–5(e)] Congress intended to insert a limitation period for actions which should be applied in lieu of a state statute of limitations. Therefore, plaintiff's action is not barred as to 42 U.S.C. § 2000e–5(e).

The defendant next contends that this Court is without jurisdiction over those allegedly discriminatory acts in plaintiff's complaint which were not submitted to the Commission for purposes of reconciliation.

It has been held in several recent cases that allegations set forth in a complaint under the Civil Rights Act are not required to be identical with those contained in the original charge filed with the Commission. In Logan v. General Fireproofing Co., 309 F.Supp. 1096 (W.D.N.C.1969) the defendant contended that the "complaint is limited to the accusations previously presented to the Commission in the original charge [and] that the Court is limited to a consideration of the allegation contained in the original charge" at p. 1099. The original charge filed with the Commission by the plaintiff contained only the contention that she was denied employment because of her race. The Court, holding that the complaint need not be so limited, stated at p. 1100:

"The charge filed with the Commission was apparently prepared by the plaintiff, who as a layman, would have only a general idea, as to the contents of the statute, and to limit the Court and the Commission to the consideration of the charge itself would result in multiplicity of litigation and a burden upon the already overcrowded

docket in the federal courts. There is nothing to indicate that Congress intended such a restrictive interpretation as requested by the defendant."

■■ To be sure, a charge must sufficiently inform the Commission of the nature of the alleged unlawful practice so that it can make a reasonable attempt at the "conciliation" contemplated by the Civil Rights Act. See, Edwards v. North American Rockwell Corp., 291 F. Supp. 199 (C.D.Cal.1968). To permit a civil action based upon allegations other than those presented to the Commission would permit a plaintiff to bypass the conciliation procedures of the Act and thereby to frustrate its purpose. Accordingly, the courts have required that the complaint in a court suit cannot be based upon wholly new derelictions which were not presented to or considered by the Commission. Edwards v. North American Rockwell Corp., *supra*.

The Court in Sciaraffa v. Oxford Paper Co., 310 F.Supp. 891 (D.C.Me.1970) stated at p. 899:

"It is true that the allegations in the complaint are broader than those in the EEOC charges. The charges filed with the Commission alleged discriminatory discharges because of sex; they did not expressly allege that the discharges were the consequence of the discriminatory seniority, promotion and job classification systems detailed in the complaint. However, . . . the charges simply stated, in laymen's language, the 'unfair thing that happened' to plaintiffs, that is, the discriminatory discharges, without attempting to specify the underlying causes of the alleged discriminatory acts, that is, the discriminatory employment system maintained by the company . . . It is thus evident that the brief statement of facts in the charges filed with the Commission gave it sufficient notice of the nature of the discrimination complained of . . ."

It appears that the allegations contained in plaintiff's complaint are reasonably related to the substance of the charge filed with the Commission so as to render defendant's third contention without merit.

The final contention of defendant in support of his motion to dismiss is that the Court has no jurisdiction of this action under 42 U.S.C. § 1981 because plaintiff failed to allege that the defendant was acting under any color of law.

Since we have ruled that the Tennessee one-year statute of limitation (T.C. A. § 28–304) bars plaintiff's cause of action under § 1981, it is not necessary that this Court reach a decision as to whether or not there is a requirement of color of law in an action pursuant to 42 U.S.C., § 1981.

On the basis of the foregoing, it is hereby ordered that defendant's Motion to Dismiss be denied as to 42 U.S.C. § 2000e et seq.