Paul R. STEADMAN, Plaintiff,

v.

James B. HUNDLEY et al., Defendants.

No. 75 C 1723.

United States District Court,
N. D. Illinois, E. D.

Sept. 21, 1976.

Alvin Kruse, Chicago, Ill., for plaintiff.

William J. Scott, Atty. Gen., Chicago, Ill., for defendants.

## MEMORANDUM DECISION

MARSHALL, District Judge.

This is a civil rights action for injunctive relief and damages against the State of Illinois, the Illinois Department of Public Health, and three individual state employees. Plaintiff, a former employee of the Department of Public Health, claims that he was subjected to such intense racial discrimination that he was forced to resign from his job.

The first count alleges that the State and the Department, through the three state employees, made unfounded complaints against plaintiff, unfairly denied him a promotion which he deserved, made racial slurs against him, and assigned him unwarranted menial tasks. The first count further alleges that after he resigned, one of the defendant employees gave false and derogatory references about him to other employers. Jurisdiction of this count is based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f)(3).

**56**

In the second count, plaintiff complains that three employees of the Illinois Department of Public Health discriminated against him in respect to his employment in violation of the due process and equal protection clauses of the Fourteenth Amendment. This count repeats the factual allegations of Count I. Jurisdiction of this count is based on 42 U.S.C. § 1983 and 28 U.S.C. § 1343.

■ Defendants have filed an omnibus motion to dismiss. Their first theory is that Count I is defective because actions for damages against the state or state agencies are barred by the Eleventh Amendment as construed in *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), and the state of Illinois has not waived its sovereign immunity. Since the parties briefed this issue, the United States Supreme Court, in *Fitzpatrick v. Bitzer,* —— U.S. ——, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976), squarely rejected the immunity defense in Title VII actions. In *Fitzpatrick,* the Court held that Congress can and did authorize actions by individual citizens against a state government that engages in discriminatory employment practices. The Court held that the Eleventh Amendment does not preclude awards against a state of backpay and attorneys fees as well as non-monetary relief such as reinstatement. The Court explained that Congressional power to grant this relief stems from the enforcement clause of the Fourteenth Amendment, which limits judicial, executive, and legislative autonomy previously reserved to the states. *Fitzpatrick* forecloses defendants' argument. Because Illinois has no immunity under the Eleventh Amendment, we need not consider whether it has waived immunity by constitution or statute.

Next, defendants contend that Count I is time barred because plaintiff failed to name the State of Illinois and the Department of Public Health as defendants within 90 days after receiving his right-to-sue letter from the Equal Employment Opportunities Commission, as required by 42 U.S.C. § 2000e–5(f)(1). The chronology of events relevant to this contention is as follows: On May 16,

1975, plaintiff received his right-to-sue letter from the Equal Employment Opportunities Commission. On May 28, 1975, he filed a *pro se* complaint naming only the three state employees as defendants. At this time, he requested the court to appoint counsel for him. The initial complaint waived service of process. Counsel was appointed for him on October 23, 1975. On December 2, 1975, well over five months after receiving his right-to-sue letter, plaintiff filed an amended complaint naming the State of Illinois and the Department of Public Health as additional defendants.

■ Although the ninety day limitations period is jurisdictional, the rule in this circuit is that a *pro se* plaintiff who requests court-appointed counsel tolls the limitations period until the court appoints an attorney for him. *Harris v. National Tea Co.,* 454 F.2d 307 (7th Cir. 1971). Applying this rule to the facts of this case, the ninety day period was running from May 16 to May 28, and then from October 23 to December 2, when the amended complaint was filed. The amended complaint thus named all defendants within the 90 days, and defendants' motion to dismiss on this ground is denied.

Third, defendants argue that both Counts I and II must be dismissed because they fail to state a claim upon which relief may be granted and they do not contain sufficient facts showing that any right of the plaintiff was violated. Further, plaintiff failed to allege that he was treated differently than other equally qualified Public Health employees. Defendants simply claim that the allegations are too general, even under the generous standard of notice pleading.

■ Although plaintiff must allege facts amounting to discrimination, the requisite degree of specificity cannot be precisely fixed. The plaintiff must do more than parrot the statute, yet he or she is not required to plead evidentiary matters such as specific dates and places. *Compare Peterson v. Richardson,* 370 F.Supp. 1259 (W.D.Va.1973) (complaint held sufficient without allegations of names and dates); *Willis v. Chicago Extruded Metals Co.,* 358

F.Supp. 848 (N.D.Ill.1973) (complaint that defendants denied plaintiffs equal opportunity for employment retention held sufficient); *with Grohal v. Stauffer Chemical Co. Inc.,* 385 F.Supp. 1267 (N.D.Cal.1974) (allegations of harassment, abuse, discrimination and wrongful discharge held insufficient); *Nishiyama v. North American Rockwell Corp.,* 49 F.R.D. 288 (C.D.Cal.1970) (bare allegation that defendant refused to promote plaintiff because of his race held insufficient). Here, plaintiff alleges that defendants made racial slurs against him, assigned him to menial duties, and made unfairly adverse recommendations about him to others. Defendants can determine the precise contours of this discrimination through discovery. The allegations are specific enough to enable them to prepare an answer.

■ Defendants also suggest that the complaint must be especially specific because the Illinois Fair Employment Practices Commission and the Equal Employment Opportunities Commission have both rejected the complaint. The action of these agencies, however, is not a factor that we should consider in testing the sufficiency of the complaint. Plaintiff has a well-established right to a trial *de novo* in federal court. *Chandler v. Roudebush,* 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976).

■ Fourth, defendants urge us to dismiss the complaint because plaintiff failed to exhaust his administrative remedies by filing a grievance with the Department of Public Health. This objection is apparently directed at Count II only. Count I is brought under Title VII and defendants nowhere claim that under Title VII, a plaintiff must seek relief through grievance channels set up by his employer as well as through state and federal equal employment agencies. Indeed, the Supreme Court indicated that the only prerequisites to an action under Title VII are those specified in the act itself. *Alexander v. Gardner-Denver,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974).

■ Nor is exhaustion of administrative remedies required in § 1983 actions. Once a plaintiff raises a constitutional question, a federal court is the appropriate forum for decision. And, contrary to defendants' assertions, recent Supreme Court action supports this principle. In *Burrell v. McCray,* 423 U.S. 923, 96 S.Ct. 264, 46 L.Ed.2d 249 (1976), the Court granted certiorari to review the no exhaustion rule. Later, the Court dismissed the writ of certiorari as improvidently granted, 426 U.S. 471, 96 S.Ct. 2640, 48 L.Ed.2d 788 (1976), leaving intact the holding of the Fourth Circuit that exhaustion is not required. *McCray v. Burrell,* 516 F.2d 357 (4th Cir. 1975).

■ Next, defendants urge dismissal of Count II because plaintiff, a probationary employee, had no statutory entitlement to continued employment and thus had no property interest setting into motion the protection of the due process clause. We need not decide whether plaintiff had a protectible interest in his job, however, because he failed to state a procedural or substantive claim under the due process clause. He does not claim a right to a hearing and states that the cases dealing with procedural due process of law are inapposite. Neither does he raise a claim based on a violation of substantive due process of law, because there is no state statute or regulation which is allegedly arbitrary. *Cf. Kelley v. Johnson,* 425 U.S. 238, 96 S.Ct. 1440, 47 L.Ed.2d 708 (1976). Instead, Count II appears to allege solely a violation of the equal protection clause. Though the distinction between the equal protection and due process clauses is not always sharp, the main ambiguity exists in the area of federal action because the Fifth Amendment contains no equal protection clause. Thus, courts hold that the Fifth Amendment due process clause embraces principles of equal protection of law. *Bolling v. Sharpe,* 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954); *Mathews v. Lucas,* —— U.S. ——, 96 S.Ct. 2755, 49 L.Ed.2d 651 (1976). The acts complained of here allegedly occurred under color of state law, *Roberts v. Acres,* 495 F.2d 57 (7th Cir.

1974), so the equal protection clause of the Fourteenth Amendment is applicable. Defendants' motion to dismiss Count II insofar as it alleges a violation of the due process clause is granted.

■■■ Next, defendants assert that the individual defendants are protected under the official immunity defense because they acted within the scope of their authority and in good faith. Although defendants recognize that the qualified immunity defense under § 1983 is factual, they insist that public officials are presumed to act in good faith. Thus, they claim, plaintiff must plead facts showing that defendants acted outside the scope of their employment and in bad faith. But plaintiff's allegations of racial discrimination are sufficient to call into question the good faith of defendants. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Dismissal is clearly inappropriate at the pleading stage although defendants may renew their request, if supported by the record, in a motion for summary judgment. *Tritsis v. Backer,* 501 F.2d 1021 (7th Cir. 1974).

■■ Defendants have raised but not briefed the claim that Count II is time barred under the Illinois tort statute of limitations, *Ill.Rev.Stat.* ch. 83, § 15. Assuming without deciding that this two-year statute is applicable, plaintiff appears to have met it. He alleges that defendants' wrongful acts continued beyond the date of his resignation, October 23, 1973. He filed his *pro se* complaint on May 28, 1975, less than two years later.

In summary, defendants' motion to dismiss Count I is denied. Defendants' motion to dismiss Count II insofar as it alleges a violation of the due process clause of the Fourteenth Amendment is granted; in all other respects, defendants' motion to dismiss Count II is denied. Defendants ordered to answer within 20 days.

On February 24, 1976, we ordered defendants to answer plaintiff's interrogatories on or before March 4, 1976. On March 3, 1976, we granted defendants' request for a stay of this order pending the outcome of the

motion to dismiss. Because we deny the motion, our March 3, 1976 order is vacated and defendants are ordered to answer plaintiff's interrogatories on or before October 8, 1976.

Cause set for report on status October 22, 1976 at 9:30 a. m.