**Henry HAWKINS, Jr., Plaintiff,**

v.

**INTERNATIONAL HARVESTER, Defendant.**

**No. 78–2231.**

United States District Court, W. D. Tennessee, W. D.

Nov. 30, 1978.

bation, having plead guilty to a similar charge, his action in the instant case was rationally motivated.

Dorothy Graham, Memphis, Tenn., for plaintiff.

William F. Kirsch, Jr., Maurice Wexler, Memphis, Tenn., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

WELLFORD, District Judge.

Plaintiff Henry Hawkins, Jr. filed a charge of discriminatory terms and conditions of employment against defendant International Harvester with the Equal Employment Opportunity Commission. Upon investigation, the EEOC declined to pursue the charge to litigation, but granted plaintiff's request for a right to sue under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Notice of this right issued February 23, 1978, on a standard EEOC form which conspicuously indicated that suit must be filed within ninety (90) days and warned that efforts to secure legal counsel should be made well in advance of that deadline.

Plaintiff did not approach the Court for appointment of counsel or otherwise until May 22, eighty-eight days after issuance of the right to sue, when he attempted to commence an action against his employer by filing the notice itself and a request for leave to proceed *in forma pauperis.* Under a local policy based on this Court's 1971

decision in *Beckum v. Tennessee Hotel,* 341 F.Supp. 991 (W.D.Tenn.1971), the Clerk accepted plaintiff's preliminary papers as tolling the statutory time limitation on the condition that a formal complaint follow within thirty (30) additional days. Four days later, on May 26, the Court denied plaintiff's application to proceed on pauper's oath and ordered the filing of a cost bond as well within ten (10) days. Plaintiff secured costs thirteen (13) days later, but did not file a complaint within the thirty (30) day extension. Guided by a policy of solicitude for unrepresented civil rights litigants, the Court sent plaintiff a list of counsel experienced in this area and further extended the deadline for filing a complaint to July 3. On that date, plaintiff, having retained counsel, requested and received ten (10) additional days for filing and his counsel finally filed a complaint on July 13, twenty-two (22) days beyond the original extension and one hundred forty (140) days from the issuance of the right to sue notice.

Defendant moves to dismiss the complaint as untimely and therefore inadequate to invoke the Court's subject-matter jurisdiction under 42 U.S.C. § 2000e–5(f). Defendant further complains that it had no effective notice of the filing of preliminary papers which commenced litigation against it or of the two additional time extensions granted by the Court. The company also asserts that both extensions occurred without the necessary filings and memoranda required by Local Rules 8 and 9 and without any opportunity for response by it.

 In light of the leniency normally accorded *pro se* plaintiffs, failure to adhere to the letter of Local Rules is not of itself fatal. Similarly, failure to provide security for costs required by Local Rule has not alone been viewed as justifying dismissal, especially where the action is under a federal statute. *Marks v. Pennsylvania R. Co.,* 8 F.R.D. 242 (S.D.N.Y.1948); *see generally,* 10 Wright & Miller, *Federal Practice and Procedure: Civil* § 2671 (1973). On the other hand, a compelling purpose of Local Rule 8(a)'s requirement of service of motions is notice: where proceedings which extend a right of action beyond express statutory limits occur before service of a summons and complaint upon the defendant, actual notice and an opportunity to be heard would seem necessary under "due process" requirements.

In attacking the Court's subject-matter jurisdiction, defendant's motion calls into question not only the effect of non-compliance with Local Rules, but also the validity of embodying this Court's decision in *Beckum v. Tennessee Hotel, supra,* in local policy enlarging jurisdiction over Title VII claims on the basis of informal and, in this case, untimely filings.

The Supreme Court has never decided the precise issue whether timely filing of preliminary papers tolls the Title VII limitation on individual suits against private employers. In *Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), the Court considered § 717 of Title VII, which creates a private right of action by federal employees against employing agencies. The Court held that § 717(c), which prescribes filing of a private suit within thirty (30) days of final agency action, is jurisdictional, such that a private plaintiff filing forty-two (42) days after adverse decision by the EEOC office of the G.S.A. was barred from recovery.

Those Circuit Courts of Appeal which have considered the nature of the time requirement for private actions against private employers have uniformly held that the ninety-day filing period (thirty days prior to amendment in 1972) is jurisdictional and mandatory. *Stebbins v. Nationwide Mutual Insurance Co.,* 469 F.2d 268 (4th Cir. 1972); *Genovese v. Shell Oil Co.,* 488 F.2d 84 (5th Cir. 1973); *Harris v. National Tea Co.,* 454 F.2d 307 (7th Cir. 1971); *Hinton v. CPC International, Inc.,* 520 F.2d 1312 (8th Cir. 1975); *Wong v. Bon Marche,* 508 F.2d 1249 (9th Cir. 1975); *Archuleta v. Duffy's, Inc.,* 471 F.2d 33 (10th Cir. 1973). Some of these decisions expressly consider and reject "equitable" factors as excusing timely filing. *E. g., Hinton, Wong, supra.* The Sixth Circuit held the thirty-day time limit jurisdictional in *Goodman v. City Products*

*Corp.*, 425 F.2d 702 (1970), dismissing a private action filed one day after expiration of the time limit. No mitigating equitable factors were recognized.

■ While deeming the time period mandatory, however, some courts have relaxed the standards for determining what pleadings are necessary to commence at Title VII action. The Sixth Circuit has held that timely filing of a motion for appointment of counsel under Title VII tolled the then thirty-day time limit while it was pending. *Harris v. Walgreen's Distribution Center*, 456 F.2d 588 (6th Cir. 1972). Some courts have extended this principle to accept plaintiff's notice of right to sue and/or request for appointment of counsel as a complaint sufficient to toll the statutory period. *E. g., McQueen v. E. M. C. Plastic Co.*, 302 F.Supp. 881 (E.D.Tex.1969); *Reyes v. Missouri-Kansas-Texas Railroad Co.*, 53 F.R.D. 293 (D.Kan.1971); *Pace v. Super Valu Stores, Inc.*, 55 F.R.D. 187 (S.D.Iowa 1972); *Huston v. General Motors Corp.*, 477 F.2d 1003 (8th Cir. 1973). As noted previously, this Court accepted such papers in *Beckum v. Tennessee Hotel, supra*, and has been cited as among the more liberal districts in this regard. *See Schlei & Grossman, Employment Discrimination Law*, at 942 n. 234 (BNA 1976). If preliminary papers are to be held sufficient to invoke subject-matter jurisdiction over Title VII claims, however, the Court must be satisfied as to four concerns.

The universal requirement of Fed.R. Civ.P. 8 is that a civil complaint contain a jurisdictional statement, explanation of claim, and demand for judgment. The question of an EEOC notice's sufficiency in this regard was reserved in *Beckum, supra*, but probably would not be dispositive in any case. Although many decisions reiterate the Rule 8 requirements, the usual consequence of falling short is amendment of the complaint, not dismissal. See 5 *Wright & Miller, supra, Civil* § 1214 (1969). In reviewing precedent and holding a right to sue notice adequate to commence a Title VII action, the Eighth Circuit conceded that such a filing does not comply with the Rule

8 requirements. *Hinton v. CPC International, supra*, 520 F.2d at 1315.

The second concern is the time in which a plaintiff eventually files a formal complaint. In accepting a motion to appoint counsel as a timely complaint, the Sixth Circuit limited the motion's sufficiency to the time in which it was pending and suggested that, in future cases, the current statutory limit of thirty days should be a guide to how quickly the formal complaint need follow. *Harris v. Walgreen's Distribution Center, supra*, 456 F.2d at 592. The district court in *Reyes, supra*, held that the filing of a right to sue letter within the statutory period and a formal complaint "within a reasonable time thereafter" would constitute substantial compliance with the statutory time provisions. In *Huston v. GMC, supra*, the Eighth Circuit ruled that in accepting an application for appointment of counsel as a timely Title VII filing, a district court "should specify a reasonable period of time for the filing of a formal complaint against the employer." 477 F.2d at 1008.

In this district, the suggestions in *Harris v. Walgreen's* and *Huston v. GMC, supra*, have been followed in local policy defining thirty (30) days as a reasonable time for filing a formal complaint after preliminary papers, and notice of this requirement was mailed to plaintiff. This same procedure was followed at the time of *Beckum, supra*, and the plaintiff in that case filed a formal complaint within the thirty (30) days specified by the Clerk. Plaintiff at bar, however, filed his complaint twenty-two (22) days after this deadline. *Compare also Pace v. Super Valu Stores*, and *McQueen v. E. M. C. Plastic Co., supra, with Moshos v. District Council of New York Local Union 1456, et al.*, 386 F.Supp. 21 (S.D.N.Y.1974), and *Heard v. Caldwell*, 364 F.Supp. 419 (S.D.Ga.1973).

The third concern is the stage at which the employer receives notice of a potential suit. Most of the decisions do not indicate whether preliminary papers filed with the clerk were copied and sent to putative defendants. Although the district judge in

*Reyes, supra,* seemed to believe that any prejudice from lack of notice could be cured at the discovery stage, this Court in *Beckum* based its acceptance of preliminary papers on the fact that defendant Tennessee Hotel had been put on notice. 341 F.Supp. at 993. Defendant in the present case had no effective notice of judicial proceedings against it until plaintiff, indulged in three time extensions, filed and served a formal complaint.

The fourth factor, which the Court finds compelling, is that virtually all of the discovered authority for extending Title VII jurisdiction through the filing of preliminary papers grew out of suits waged when the statute required filing of a private action within thirty (30) days from receipt of the right to sue notice. It is clear that the "equitable principle" (*see Goodman v. City Products Corp., supra*) motivating these holdings was the feeling that a Title VII plaintiff would often justifiably require more than thirty (30) days to take the steps necessary to commence suit:

> The thirty day period of 42 USC § 2000e–5(e) is extremely short, yet Congress apparently intended lay parties to convert their disputes in this time from administrative complaints, prosecuted informally by a public body at no expense to the injured party, to plenary civil actions, with the initiative and, unless the court orders otherwise, financing provided by the complainant.

*Austin v. Reynolds Metals Co.,* 327 F.Supp. 1145, at 1148 (E.D.Va.1970). It may logically be assumed that burdens incident to the thirty day limit were what prompted the 1972 amendment, and that in tripling the filing period Congress felt it was fully alleviating any such burdens. In a thorough review of the cases, only two appear in which the filing of a right to sue letter or request for appointment of counsel was held sufficient to toll the new ninety day limitation, and both holdings were followed by citations to cases decided when the time limit was thirty (30) days. *Kendrick v. Commission of Zoological Sub-District, et al.,* 427 F.Supp. 497, at 499 (E.D.Mo.1976), aff'd., 565 F.2d 524 (8th Cir. 1977) (citing

*Hinton* and *Reyes, supra*); *Steadman v. Hundley,* 421 F.Supp. 53, at 56 (N.D.Ill. 1976) (citing *Harris, supra*).

■ Having explored these four concerns, prior policy in this district under *Beckum, supra,* and the boundaries of precedent elsewhere, the Court remains willing to assume subject-matter jurisdiction over a Title VII claim where an unrepresented plaintiff files proper preliminary papers within the ninety-day time limit and a complaint fulfilling the requirements of Fed.R. Civ.P. 8 within thirty (30) days thereafter as ordered by the Clerk. This seems, to the Court, the furthest justifiable construction of the jurisdictional limitation in Title VII and relaxation of the pleading requirements in the Federal Rules. Any further time extension would effectively attempt to enlarge the Court's subject-matter jurisdiction without legislative authorization and without affording notice and an opportunity to respond to the defendant.

■ I conclude that the further extensions granted in this case were not authorized by decisional law, were unfair to the defendant under the circumstances, and deprived it of due process. Defendant's motion is accordingly granted and the complaint dismissed.

It is so ORDERED this 30th day of November, 1978.