Joshua **IRBY**, Plaintiff,

v.

**SHELBY COUNTY GOVERNMENT,**
Defendant.

No. 80–2340.

United States District Court,
W. D. Tennessee, W. D.

March 6, 1981.

Bernice B. Donald, Memphis Area Legal Services, Inc., Memphis, Tenn., for plaintiff.

George T. Lewis Jr., County Atty., Stephen H. Biller, Asst. County Atty., Memphis, Tenn., for defendant.

## ORDER OF PARTIAL DISMISSAL AND DENIAL OF MOTION TO STRIKE

HORTON, District Judge.

The plaintiff has sued the defendant for alleged race discrimination in employment based on the defendant's failure to promote plaintiff from his position as a watchman to the higher paying guard position. Plaintiff filed his right to sue letter with this court in lieu of a formal complaint and was given

thirty days within which to file the formal complaint. Defendant has filed a motion to dismiss the Title VII claim based on plaintiff's failure to file his formal complaint during this thirty day period. Plaintiff also alleged causes of action based on 42 U.S.C. § 1981 and 42 U.S.C. § 1983. Defendant has likewise moved to dismiss these claims for failure to comply with the applicable statute of limitation found in Tenn.Code Ann. § 28–304 and for failure to state a claim under section 1983. The defendant has also moved to strike the portions of the complaint that demand, under Title VII, compensatory damages for emotional distress, punitive damages and attorney's fees. The court grants the motion to dismiss the Title VII claims, which pretermits the motion to strike, but denies the motion to dismiss the §§ 1981 and 1983 claims.

The plaintiff, Joshua Irby, applied with the defendant's Department of Security for a position as a guard. At that time, the plaintiff alleges that he had "significant experience" as a uniformed guard. Plaintiff was hired by the defendant on January 1, 1976 as a watchman. He was allegedly told by defendant that it required police experience in order to qualify for the guard position. Plaintiff did not have such experience. However, plaintiff contends that the higher paying guard jobs were given to several white people who had no experience. Thus, the plaintiff alleges he was denied a promotion to the position of guard based solely on his race. The date upon which the promotion was denied is not in the record but the EEOC charge was filed in October of 1977. Plaintiff was terminated by the defendant on March 5, 1980. The plaintiff does not allege that his termination was wrongful but bases all three causes of action upon the alleged failure to promote.

Plaintiff filed his original charge of discrimination with the E.E.O.C. on October 20, 1977.[1] The E.E.O.C. determination was issued on January 31, 1979 and the plaintiff received a right to sue letter dated March 28, 1980. Mr. Irby filed this letter with the court on June 26, 1980. A copy of the Notice of Filing of Administrative Right to Sue Letter was handed to Mr. Irby on June 26, 1980 and was subsequently served, along with the right to sue letter, upon the defendant. The notice of filing issued by the Clerk of the Court on June 26, 1980 contains the following admonition:

The filing of this notice may toll the running of the statute of limitation on filing suit in this Court; however, unless a formal complaint is filed within thirty (30) days from the date of this filing, this matter will be dismissed on the Court's own motion without further notice.

Plaintiff was unable to employ an attorney until July 29, 1980. On July 30, 1980 the formal complaint was filed. The complaint alleges violations of 42 U.S.C. § 2000e–5, 42 U.S.C. § 1981 and 42 U.S.C. § 1983. The plaintiff seeks an injunction, an award of the amount of back pay amounting to the difference in pay between the watchman and guard positions, damages for mental distress as a result of the defendant's allegedly discriminatory acts, punitive damages and attorney's fees and costs. Defendant then filed a motion to dismiss the complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted based upon the allegation that each of the three claims is barred by the applicable statute of limitations.

In regard to the Title VII claim, counsel for plaintiff would have this court take into consideration that although the twenty-sixth of June, 1980 was the ninetieth day from the date of the March 28, 1980 right to sue letter, the time computation should have run from the date of receipt by plaintiff of the letter. Although there is no allegation as to when plaintiff received the letter, since March 28, 1980 was a Friday, the plaintiff argues the time should not begin to run until at least Monday, March 31, 1980. Plaintiff is correct is asserting

---

1. Although the charge listed both a failure to promote and the defendant's alleged failure to hire blacks on an equal basis with whites, the complaint is based only on the failure to promote.

that courts have interpreted the ninety day period under 42 U.S.C. § 2000e–5(f)(1) as beginning to run only after receipt of the right to sue letter rather than from the date of its issuance. *See, Archie v. Chicago Truck Drivers, Helpers and Warehouse Workers Union,* 585 F.2d 210, 213–16 (7th Cir. 1978). However, merely because plaintiff technically did not have to file his right to sue letter on June 26, 1980 but could have had until June 30, 1980, does not mean that the court should run the thirty day period in which to file a complaint from the June 30, 1980 date. The operative date is June 26, 1980 when the right to sue letter was filed. The thirtieth day from June 26, 1980 fell on Saturday, July 26th, therefore giving plaintiff until Monday, July 28, 1980 to file his complaint under Fed.R.Civ.P. 6(a). The plaintiff did not consult an attorney until July 29, 1980, after his time to file had already run, and the complaint was filed two days late, on July 30, 1980. Although the court sympathizes with the plaintiff's argument that the July 30, 1980 date was thirty days from the ninetieth day after the probable date of the receipt of the right to sue letter, the fact remains that plaintiff filed his formal complaint after the thirty days from the date of the Notice of Filing had run. The Honorable Harry W. Wellford, Judge of Division 1 of this District, has held that the filing of a formal complaint within thirty days after filing of the right to sue letter is jurisdictional. *Hawkins v. International Harvester,* 461 F.Supp. 588 (W.D.Tenn.1978). This conclusion led Judge Wellford to dismiss a Title VII complaint even though the court had granted the plaintiff an extension of time past the additional thirty days and plaintiff had complied with the extended time limit. Judge Wellford noted that one basis for his decision was the fact that Congress amended Title VII to expand the time period in which a plaintiff could file a complaint after receipt of a right to sue letter from thirty days to ninety days, thus obviating the harshness of the former deadline for filing. Therefore Judge Wellford held that any extension past thirty days after the filing of the right to sue letter would be an undue enlargement upon the subject matter jurisdiction of the court absent legislative authorization. 461 F.Supp. at 592. This court is in accord with the wisdom of Judge Wellford's decision. Therefore, the portion of the plaintiff's complaint based upon 42 U.S.C. § 2000e–5 is dismissed.

It is only out of an abundance of judicial caution that the court denies the motion to dismiss the section 1981 and section 1983 claims based on the statute of limitation found in Tenn.Code Ann. § 28–304. The courts have held that the applicable statute of limitation for such actions is Tenn.Code Ann. § 28–304. *Beckum v. Tennessee Hotel,* 341 F.Supp. 991, 993–94 (W.D.Tenn. 1971) (section 1981); *Pack v. Proffit,* 463 F.Supp. 761 (E.D.Tenn.1976) (section 1983). That statute bars an action under the civil rights statutes if it is filed more than one year after the cause of action accrues. The defendant contends that plaintiff's present cause of action has reference only to the failure to promote in 1977 and therefore more than one year has passed since that incident and the section 1981 and 1983 actions are time barred. In making its ruling on this aspect of the motion to dismiss, the court observes the teachings of the Sixth Circuit on a motion to dismiss a civil rights action. In *Westlake v. Lucas,* 537 F.2d 857 (6th Cir. 1976) the court declared that:

> In reviewing a dismissal on the pleadings all allegations in the complaint are taken as true and the complaint is construed liberally in favor of the party opposing the motion to dismiss. Dismissals of complaints under the civil rights statutes are scrutinized with special care.... A motion to dismiss under Rule 12(b)(6) should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

537 F.2d at 858–59 (citation omitted).

The plaintiff's statement of his claim merely declares that:

10. Plaintiff originally applied to defendant for the position of guard but was told that the only persons being hired as guard were those with police experience.

Plaintiff was hired as a watchman and subsequently learned that several white person [sic] with no experience were hired as guards. Plaintiff had significant experience as a uniformed guard.

11. There is a substantial difference in salary between a watchman and a guard. Plaintiff feels that he was denied this higher paying job solely because of his race and therefore has suffered a violation of his civil rights under 42 U.S.C. § 2000e et seq. and the Civil Rights Act of 1866, 42 U.S.C. § 1981 and 42 U.S.C. § 1983.

Nowhere in the complaint does the plaintiff allege any continuing violation so as to avoid the bar of the statute of limitations. However, the complaint does note that plaintiff was terminated from his position on March 5, 1980. The specifics of that termination are not given. It is conceivable that the job was terminated due to the failure of the defendant to promote plaintiff. Any failure to promote plaintiff which occurred more than one year before June 26, 1980 would appear to be time barred under Tenn.Code Ann. § 28–304. However, if plaintiff proves any racially motivated denial of promotion which occurred between June 26, 1979 and his termination on March 5, 1980, it is conceivable there exists a set of facts which would entitle plaintiff to relief. *Westlake, supra. See also, Jenkins v. General Motors,* 354 F.Supp. 1040 (D.Del.1973) (When the court cannot determine reliably on the record when the cause of action accrued so that there is some possibility of the plaintiff proving facts which will come within the applicable statute of limitation, the court should not grant a motion to dismiss).

From the state of the record before the court, it is impossible to tell not only if any denial of promotion occurred between June 26, 1979 and March 5, 1980, but also if the denial of promotion comes within the continuing wrong exception to the statute of limitation for section 1981 and 1983 actions. *See, Williams v. Norfolk and Western Railway Co.,* 530 F.2d 539, 542 (4th Cir. 1975) (section 1981); *Hill v. Trustees of Indiana University,* 537 F.2d 248, 254 (7th Cir. 1976)

(section 1983). This court, in declining to rule on the issue of continuity on the present state of the record, is mindful of the Supreme Court's recent observation that, "Mere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination." *Delaware State College v. Ricks,* —— U.S. ——, ——, 101 S.Ct. 498, 504, 66 L.Ed.2d 431 (1980). In order for the plaintiff to show that he complains not of isolated refusals to promote rather than a continuous scheme of denial of the higher paying job, such as was alleged in *Macklin v. Spector Freight Systems, Inc.,* 478 F.2d 979, 986–87 (D.C.Cir.1973), or not of continuing effects of a past occurrence of discrimination rather than present violations occurring within one year prior to the filing of his right to sue letter, *Linder v. Litton Systems, Inc.,* 81 F.R.D. 14, 17 (D.Md.1978), more facts and allegations must be before the court. It is only because this court cannot say that plaintiff will not be able to prove any set of facts entitling him to relief, either by virtue of new denials of promotion within one year prior to June 26, 1980 or by virtue of proof of continuing discriminatory actions, that this court will deny the motion to dismiss the section 1981 and 1983 claims.

■ The defendant's contention that the complaint does not state a claim under 42 U.S.C. § 1983 because the plaintiff has not alleged forced labor against his will or deprivation of the ability to seek employment which is more to his liking elsewhere, is clearly erroneous. The Supreme Court has declared that section 1983 enables a citizen to sue for damages "not only for violations of the rights conferred by federal equal civil rights laws, but for violations of other federal constitutional and statutory rights as well." *City of Greenwood v. Peacock,* 384 U.S. 808, 829–30, 86 S.Ct. 1800, 1813, 16 L.Ed.2d 944 (1966). While no constitutional right exists to public employment, "there is a constitutional right to be free from unreasonably discriminatory practices with respect to such employment." *Whitner v. Davis,* 410 F.2d 24, 30 (9th Cir. 1969). Our

Sixth Circuit has held that a suit may be maintained under section 1983 for discriminatory practices in refusals to promote public employees. *Afro American Patrolmens League v. Duck*, 503 F.2d 294 (6th Cir. 1974). Therefore the Court refuses to dismiss plaintiff's section 1983 claim on this basis.

■ Due to the fact the court has granted the defendant's motion to dismiss the Title VII claims, the defendant's motion to strike under Title VII the plaintiff's claims for compensatory damages for emotional distress and punitive damages as well as a request for attorney's fees for his counsel, Legal Services, is pretermitted. The court notes that it is clear the compensatory and punitive damages are permissible under 42 U.S.C. § 1981. *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 459–60, 95 S.Ct. 1716, 1719–20, 44 L.Ed.2d 295 (1975). The Sixth Circuit has declared that when such damages are claimed under section 1981 and a jury trial has been demanded, such as it has in this case, the court must try these issues to a jury. *Moore v. Sun Oil Co.*, 636 F.2d 154 (6th Cir. 1980). Mental or emotional distress has been declared by the Supreme Court to be compensable under section 1983. *Carey v. Piphus*, 435 U.S. 247, 263–64, 98 S.Ct. 1042, 1051–52, 55 L.Ed.2d 252 (1978). The court finally notes that the request for attorney's fees in the complaint is couched only in terms of 42 U.S.C. § 2000e–5(k) and therefore the dismissal of the Title VII claim in effect strikes the request for attorney's fees.

It is therefore, by the Court

ORDERED that the motion to dismiss the claim in the complaint under 42 U.S.C. & 2000e et seq. is granted, the motion to dismiss the claims under 42 U.S.C. § 1981 and 42 U.S.C. § 1983 is denied and the motion to strike portions of the complaint is denied.