755 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LEONARD ROWE, PLAINTIFF-APPELLANT,
v.
BOARD OF EDUCATION OF THE CITY OF CHATTANOOGA, JAMES H.
HUESTESS AND JAMES D. MC CULLOUGH, DEFENDANT-APPELLEES.
 NO. 84-5248
 United States Court of Appeals, Sixth Circuit.
 1/15/85
 
 ORDER
 BEFORE: LIVELY, Chief Judge, and MARTIN and KRUPANSKY, Circuit Judges.
 
 
 1
 Plaintiff appeals the district court's order of March 5, 1984, dismissing his pro se civil rights action brought under 42 U.S.C. Secs. 1983 and 1985. The appeal has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs, the record and plaintiff's motion to strike his prior waiver of oral argument, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff, a former public school teacher, filed this pro se civil rights action against the Chattanooga Board of Education, James H. Huestess, a Board member, and James D. McCullough, the Superintendent of Schools. Plaintiff alleged in his complaint that defendants refused to promote him and terminated his employment as a teacher because of race discrimination. He also alleged that newspaper accounts of his termination damaged his reputation and his ability to find employment as a teacher. Plaintiff had previously filed and lost a state court action challenging his termination. The district court granted the defendants' motion to dismiss on the grounds of res judicata and statute of limitations. Plaintiff now appeals. We find that the district court was correct on both grounds.
 
 
 3
 The Supreme Court has recently held that a state court judgment has the same claim preclusive (res judicata) effect in a federal action brought under 42 U.S.C. Sec. 1983 as it would have in the state courts. Migra v. Warren City School District Board of Education, ---- U.S. ----, 104 S.Ct. 892 (1984); see Allen v. McCurry, 449 U.S. 90 (1980); Loudermill v. Cleveland Board of Education, 721 F.2d 550 (6th Cir. 1983), cert. granted, 104 S.Ct. 2384 (1984). That is, if the state courts would prohibit relitigation of issues that could have been but were not raised in the earlier state court action, then these issues are also precluded in a section 1983 action. In the present case, plaintiff, represented by counsel, brought an action in the state court challenging his termination from employment. The Tennessee chancery court held that the defendant school board members were justified in terminating plaintiff for insubordination. The court also found no evidence of racial bias or retaliation for plaintiff's EEOC complaint. This decision was affirmed by the Tennessee Court of Appeals.
 
 
 4
 Under Tennessee law, res judicata bars parties and their privies from litigating in a subsequent suit the issues actually determined in a prior suit and also 'all claims and issues which were relevant and which could reasonably have been litigated in a prior action.' American National Bank & Trust Co. v. Clerk, 586 S.W.2d 825, 826 (Tenn. 1979); see Cotton v. Underwood, 223 Tenn. 122, 442 S.W.2d 632 (1969). Plaintiff's state court suit challenged his termination as a denial of due process, inconsistent with the facts and law, and discriminatory. The defendants in the prior suit were eight members of the Chattanooga Board of Education and James McCullough, the Superintendent of Schools. The defendants in this case are McCullough, the Chattanooga Board of Education, and James Huestess, a member of the Board who was not a named defendant in the state court action. It is clear that the present action arises from the same set of facts as the prior state court action and the issues here either were or could have been litigated in the prior action. McCullough was a party in that prior action. The School Board and Huestess have the same interests as the prior defendants and are in privity with them. See Cotton v. Underwood, supra. The present suit would have been barred from the Tennessee courts and is therefore barred from the federal court. Migra v. Warren City School District Board of Education, supra.
 
 
 5
 The district court also correctly held that this action was barred by the statute of limitations. Since Congress did not provide a statute of limitations for actions brought under 42 U.S.C. Sec. 1983, the most analogous state statute of limitations is applied. Dunn v. Tennessee, 697 F.2d 121 (6th Cir. 1982), cert. denied, 460 U.S. 1086 (1983). An action under section 1983 brought in a United States District Court in Tennessee is governed by Tennessee's one-year statute of limitations. Dunn v. Tennessee, supra; Wright v. Tennessee, 628 F.2d 949 (6th Cir. 1980) (former Tenn. Code Ann. Sec. 28-304); Irby v. Shelby County Government, 508 F.Supp. 1080 (W.D. Tenn. 1981) (former Sec. 28-304); Tenn. Code Ann. Sec. 28-3-104(a). Section 28-3-104(a) provides:
 
 
 6
 Personal Tort Actions.--(a) Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, criminal conversation, seduction, breach of marriage promise, actions and suits against attorneys for malpractice whether said actions are grounded or based in contract or tort, civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes, and actions for statutory penalties shall be commenced within one (1) year after the cause of action accrued.
 
 
 7
 The termination hearing of which plaintiff complains occurred in February, 1981. This action was filed in December, 1983. Therefore, the action is barred by the statute of limitations.
 
 
 8
 Accordingly, it is ORDERED that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).