NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0169n.06
Filed: March 3, 2006

No. 04-6488

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

LEONARD L. ROWE,

      Plaintiff-Appellant,

v.

JESSE B. REGISTER, FREDERICK CARR, D.
SCOTT BENNETT, DR. ROBERT A SMITH,
LONITA DAVIDSON, HAMILTON COUNTY
BOARD OF EDUCATION,

      Defendants-Appellees.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF TENNESSEE

_____/

BEFORE:    MARTIN and CLAY Circuit Judges, and Sargus, District Judge.[*]

PER CURIAM. Pro se plaintiff Leonard L. Rowe appeals the district court's denial of his motion for default judgment along with the district court's grant of the defendant's motion to dismiss Rowe's complaint in this employment discrimination case. This case arises out of a long litigious relationship between Rowe and the Board of Education of the City of Chattanooga, which is now part of the Hamilton County Board of Education. Rowe, a former teacher in the Chattanooga School District, was fired by the Board of Education in 1980 for insubordination and inefficiency. Since his termination Rowe has consistently attempted to obtain reemployment in the School District and has filed numerous lawsuits against the School District. *See Rowe v. Bd. of Educ. Of City of*

_____

[*] The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

*Chattanooga*, 755 F.2d 933, 1985 WL 12898 (6th Cir. January 15, 1985); *Rowe v. Bd. of Educ. Of City of Chattanooga*, 938 S.W.2d 351 (Tenn. 1996). Rowe has been so persistent in his attempts to obtain reemployment that the Hamilton County Board of Education that the Board of Education sought and obtained a restraining order enjoining Rowe "from going on or about the Hamilton County Department of Education's" property.

In this case, Rowe filed a complaint against the defendants alleging violations of his rights under the Fourteenth Amendment and Title VII of the Civil Rights Acts of 1964. In response the defendants filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Rowe did not respond to this motion, but did file a motion for default judgment alleging that the defendants had failed to file a timely response to his claim. The district court dismissed Rowe's motion for a default judgment, noting that the defendants's motion to dismiss constituted a timely response to Rowe's complaint.[1] In the same order, the district court also instructed Rowe to file a more definite statement of his claim because his complaint and its accompanying documents were both sparse and exceedingly unclear as to the alleged factual basis for Rowe's claims. Rowe filed numerous other documents and affidavits but none of this evidence clarified the basis for his claims. As a result, the district court granted the defendants's motion to dismiss pursuant to Rule 12(b)(6).

In support of its decision to dismiss Rowe's complaint, the district court provided a

---

[1] Rowe now suggests on appeal that this decision was incorrect because the motion to dismiss was filed by only one of the defendants rather than all the defendants. Reviewing the defendants's motion to dismiss it is evident that the motion was filed on behalf of all the defendants. Thus, Rowe's claim is wholly meritless.

thoughtful and thorough opinion detailing the reasons for the dismissal. In light of Rowe's pro se status, the district court's opinion construed Rowe's complaint and the accompanying documents as liberally as possible but still failed to find that Rowe had alleged any claims upon which relief could be based. Put simply, the district court concluded that Rowe provided insufficient allegations to even establish any claim of employment discrimination under state or federal law. Having reviewed the record and the parties's brief, we believe that given the district court's cogent opinion, any further analysis by this Court would be unnecessarily duplicative. We therefore AFFIRM the district court's judgment for the reasons stated in the district court's opinion.