NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0268n.06

No. 12-3709

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

**FILED**
*Mar 15, 2013*
DEBORAH S. HUNT, Clerk

LEODIS HARRIS, FATIMAH M. HARRIS,

      Plaintiffs-Appellees,

v.

OPTION ONE MORTGAGE
CORPORATION, *et al*.,

      Defendants-Appellants.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO

_____ /

Before:     CLAY, COOK, and ROTH,[*] Circuit Judges.

     JANE R. ROTH, Circuit Judge.

## I. Introduction

Leodis and Fatimah Harris appeal the district court's decision dismissing their quiet title action against Option One Mortgage Corporation, Deutsche Bank National Trust Company, and American Home Mortgage Servicing, Inc. (collectively, appellees). For the reasons that follow, we affirm the decision of the district court.

## II. Background

On July 10, 2006, Option One loaned the Harrises $325,000, which was evidenced by a note. The loan was secured by a mortgage on the Harrises' home in Cuyahoga County, Ohio. The mortgage was recorded with the Cuyahoga County Recorder's Office on July 14, 2006. Option One,

_____

[*] The Honorable Jane R. Roth, Senior Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation.

which is now defunct, subsequently assigned the note to Deutsche Bank, although the assignment

of the mortgage was never recorded.

On February 16, 2012, the Harrises filed a quiet title action against appellees in the

Cuyahoga County Court of Common Pleas. The case was removed to the Northern District of Ohio,

where Deutsche Bank filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

Although Option One and American Home Mortgage Servicing did not file motions to dismiss, the

district court treated Deutsche Bank's motion as filed on their behalf. On May 15, 2012, the district

court granted the motion to dismiss. The Harrises appealed.

III.    Discussion[1]

The Harrises assert that, because Option One never recorded the assignment of the Harrises'

mortgage to Deutsche Bank, Deutsche Bank may no longer claim an interest in the Harrises'

property. This argument is misguided.

"For nearly a century, Ohio courts have held that whenever a promissory note is secured by

a mortgage, the note constitutes the evidence of the debt and the mortgage is a mere incident to the

obligation." *U.S. Bank Nat'l Assn. v. Marcino*, 908 N.E.2d 1032, 1038 (Ohio Ct. App. 2009) (citing

*Edgar v. Haines*, 141 N.E. 837, 838 (Ohio 1923)). "Therefore, the negotiation of a note operates

as an equitable assignment of the mortgage, *even though the mortgage is not assigned or delivered*."

*Id.* (emphasis added) (citation omitted). Applying the rule from *Marcino* to this case, Deutsche

Bank may maintain an interest in the Harrises' home because Option One's assignment of the note

---

[1] The district court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction over this appeal under 28 U.S.C. § 1291. We review a district court's decision to grant a Rule 12(b)(6) motion *de novo*. *Dudenhoefer v. Fifth Third Bancorp*, 692 F.3d 410, 416 (6th Cir. 2012).

to Deutsche Bank was sufficient to transfer the mortgage to Deutsche Bank, even though Deutsche Bank never recorded the mortgage. *See id.*; *see also* Restatement (Third) of Property § 5.4 cmt. b (noting that "the mortgage follows the note"). Therefore, the district court properly dismissed the Harrises' cause of action for failure to state a claim.[2]

Additionally, to the extent that the Harrises argue that the district court improperly viewed Deutsche Bank's motion to dismiss as filed on behalf of Option One and American Home Mortgage Servicing, this argument is without merit. *See Rowe v. Register*, 172 F. App'x 660, 661 n.1 (6th Cir. 2002) (noting that the district court could properly treat a motion to dismiss filed by one defendant as filed on behalf of all defendants).

III.    **Conclusion**

For the foregoing reasons, we affirm the decision of the district court.

---

[2] Appellants' citation to Ohio's recordation statute is unavailing. The recordation requirement under Ohio law is designed "to protect subsequent bona fide purchasers." *BAC Home Loan Servicing, L.P. v. Hall*, No. CA2009-10-135, 2010 WL 2891780, at \*3 (Ohio Ct. App. July 26, 2010) (citing O.R.C. § 5301.25). The recordation requirement thus has nothing to do with Appellants' claim because it was enacted to protect subsequent purchasers, not the current owner.